**STATE OF LOUISIANA, Appellee,**

v.

**Lawrence J. ROUSELLE, Jr., Appellant.**

No. 27812

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Nov. 5, 1969.

Benjamin E. Smith, Smith & Scheuermann, New Orleans, La., for appellant.

Preston H. Hufft, Chalmette, La., for appellee.

Before GEWIN, GOLDBERG and CARSWELL, Circuit Judges.

PER CURIAM:

Appellant is charged in St. Bernard Parish, Louisiana, with assaulting four men with a .357 Magnum pistol and carrying the concealed weapon on his person. Appellant sought to remove the case to federal district court, alleging that his arrest was a conspiracy against

him because he has been active in Negro voter registration and has opposed the political establishment of St. Bernard Parish. The district court granted appellee's motion to remand. We affirm.[1]

Despite appellant's numerous allegations he has not made a sufficient showing that he has been or will be denied a federal right.

The requirements for removal under 28 U.S.C. § 1443 have been set out in the Supreme Court decisions of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). In *Greenwood* the Supreme Court held that "* * * the reference in § 1443(1) * * * to equal civil rights * * * does not include the broad constitutional guarantees of the First Amendment." 384 U.S. at 825, 86 S.Ct. at 1811. Nor under *Greenwood* is it enough to allege or show that that appellant's rights have been "illegally and corruptly denied" by state officials prior to trial or "that the charges are false." 384 U.S. at 792, 86 S.Ct. at 1790. The term "equal civil rights" as defined in *Rachel*, supra, means "any law providing for specific civil rights stated in terms of racial equality."

At most, appellant's contentions, if true, amount to a violation of due process and false witness. The federal judiciary does not indulge in presumptions that federal rights will not be protected in state courts unless

"* * * it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. *Greenwood*, supra at 828, 86 S.Ct. at 1812.

Appellant contends that the judge of the court in which his case is pending is a member of the alleged "conspiracy." The record fails to reveal any attempt by appellant to obtain a change of venue which is an available state remedy which would adequately protect his right to a fair trial.

Appellant alleges that since the charges against him are misdemeanors he will have no right to appeal. While this is technically correct under Louisiana law, he has an established and viable procedure for review by writ of habeas corpus.

Affirmed.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526 [No. 27439, Oct. 7, 1969].