**Charles R. BALLAS, etc., Plaintiff-Appellant,**

**v.**

**LeRoy E. SYMM, etc., Defendant-Appellee.**

**No. 73–1325.**

United States Court of Appeals,
Fifth Circuit.

May 24, 1974.

---

Michael Anthony Maness, Mel S. Friedman, Houston, Tex., for plaintiff-appellant.

Will Sears, David F. Beale, Houston, Tex., for defendant-appellee.

Before BELL, COLEMAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff appeals from the District Court's denial of a preliminary injunction and refusal to treat the case as a class action. Charles R. Ballas, purportedly representing a class of potential college student voters in Waller County, Texas, filed suit alleging violations of his constitutional and statutory civil rights by defendant LeRoy Symm, the voter registrar of Waller County. He alleged that Symm selectively used a self-formulated residency questionnaire in determining whether students were residents for voting purposes. Although the case comes to us in a somewhat confused posture and our decision might normally require a remand, both parties have urged us to review the merits and make a final determination as to the use of the questionnaire, the major thrust of this lawsuit. Finding the record sufficient, the issues thoroughly briefed and argued, and the interest of judicial economy compelling, we therefore decide the federal constitutional question presented to us in this case. Specifically we hold that use of the questionnaire to determine the residency of voter registrants unknown to the registrar is not impermissible under the federal constitution and statutes; that the federal question should have been decided even though abstention from deciding questions of state law is proper; and that the class action decision, although not appealable at this time, is rendered moot by our decision.

The precise issue which this suit seeks to determine is whether use of a questionnaire to assist in residency determination by a voter registrar is a violation of the Fourteenth Amendment equal protection clause and the amended 1964 Voting Rights Act because only some voter applicants, but not all, were required to complete the questionnaire.

### I.

Ballas is a student at Prairie View A & M College, located in Waller County. Wishing to vote in the 1972 general elections, he made timely application to the appropriate official, Symm. As he frequently did when students sought to register, Symm required that Ballas complete a "Questionnaire Pertaining to Residence." It inquired as to the voter applicant's address, ownership of property, auto registration, phone listing, address on the college's records, post-graduate plans, and similar matters.[1] After

---

1. The questionnaire asked the following questions:

Please print or type your name and address.

completing the questionnaire (save for several questions, at least one of which he did not understand), Ballas was found to be a nonresident and was denied the right to vote. He initiated suit prior to the election on "behalf of himself and the class of persons similarly denied registration after being required to complete the questionnaire" alleging violations of the Equal Protection Clause of the Fourteenth Amendment and of Section 101(a) of the amended 1964 Civil Rights Act, 42 U.S.C.A. § 1971(a)(2)(A). The complaint is directed at the local questionnaire requirement, which was imposed only on persons not otherwise known to the registrar, and seeks declaratory and injunctive relief, plus attorney's fees.

The District Court, in expedited proceedings, ruled shortly before the election that the case could not proceed as a class action that in any event the class was not entitled to the relief sought, and that the case was appropriate for abstention. Ballas v. Symm, 351 F.Supp. 876 (S.D.Tex.1972). Despite these rulings, the Court granted a temporary injunction permitting Ballas, individually, to vote in the one election. The court based this relief on the denial of due process in the failure to accord Ballas a hearing before final rejection of his application. Finally, the court ordered that the case should remain upon its docket for hearing on Ballas' prayer for a permanent injunction, and for consideration of "such further orders or relief as may be appropriate or necessary."[2] Ballas appealed.

The posture of this case makes it confusing as to where our review should begin and what should or should not be determined on this appeal. The District Court, after relating the facts and certain procedural improprieties, ruled that the class action was inappropriate. The denial of the class action would normally not be reviewable by an interlocutory appeal. Graci v. United States, 472 F.2d 124 (5th Cir.), cert. denied, 412 U.S. 928, 93 S.Ct. 2752, 37 L.Ed.2d 155 (1973); Gosa v. Securities Investment Co., 449 F.2d 1330 (5th Cir. 1971). After denying leave to maintain a class action, the court proceeded to review the constitutional and statutory claims of the class and denied relief on the merits. The denial of temporary injunctive relief to a class is reviewable under 28 U.S.C.A. § 1292(a). Next, the court held that even though it had denied class action treatment and had reviewed the merits, abstention was proper due to controlling state law questions. Normally only a final judgment resulting from application of the abstention doctrine could be appealed. *See* 6 J. Moore, Federal Practice ¶ 54.04 (2d ed. 1948). But, after granting temporary relief to Ballas individually, the court ordered that the case remain on

Are you a college student?
If so, where do you attend school?
How long have you been a student at such school?
Where do you live while in college?
How long have you lived in Texas? In Waller County?
Do you intend to reside in Waller County indefinitely?
How long have you considered yourself to be a bona fide resident of Waller County?
What do you plan to do when you finish your college education?
Do you have a job or position in Waller County?
Own any home or other property in Waller County?
Have an automobile registered in Waller County?

Have a telephone listing in Waller County?
Belong to a church, club or some Waller County organization other than college related?
If so, please name them.
Where do you live when the college is not in session?
What address is listed as your home address with the College?
Give any other information which might be helpful.

2. This aspect of the District Court order raises the possibility that this is not an appeal from a final order and that this appeal is premature. As an appeal from denial of temporary injunctive relief for the class, however, it would be an appealable interlocutory order under 28 U.S.C.A. § 1292(a)(1).

the docket for a hearing on the permanent injunction and any further necessary and appropriate relief, thus proceeding rather than abstaining.

## II.

We begin by reviewing the appropriateness of abstaining because abstention would preclude all rulings on the merits of the case.

Relying on Professor Wright's discernment of the principles which justify federal abstention,[3] the District Court found two principles controlling:

> (a) avoiding a decision of a federal constitutional question where the case may be disposed of [by] questions of state law, and (b) avoiding needless conflict with the administration by a state of its own affairs.

Ballas v. Symm, 351 F.Supp. 876, 890 (S.D.Tex.1972). The court characterized the issue as involving the determination of Ballas' residency. Such a determination, it opined, is properly one for the state courts under Article 5.-17a(3) of the Texas Election Code V.A.T.S. The court reasoned that if Ballas were declared a resident under state law, the constitutional question would be moot.

We believe the District Court was correct in abstaining from deciding whether or not Ballas was a resident for voting purposes. The state statutes clearly provide a method of challenging in state courts a registrar's decision of nonresidency. But the issue before the District Court was whether the registrar could selectively use a questionnaire in making his determination of residency. Use of the questionnaire occurs one step before the residency determination is made. It is at this point that the alleged infringement of federal rights occurs regardless of what determination the voter registrar may make as to Ballas' voter qualifications. In other words, Ballas claims infringement of a federal right in being subjected to the questionnaire even if he is found to be a resident. The alleged harm is not in the denial of voter registration, but in being required to answer the questionnaire. This presents a federal question over which the District Court cannot properly abstain. The court's decision concerning this federal question would not be such an interference with the state's administration of its own affairs to warrant abstention. Indeed the State of Texas has urged in its amicus brief that this Court decide the question to preclude "needless conflict" within the Circuit due to the contrast between Whatley v. Clark, 482 F.2d 1230 (5th Cir. 1973), cert. denied (1974), and Ballas v. Symm, 351 F.Supp. 876 (S.D.Tex.1972).[4]

## III.

Upon finding abstention inappropriate, we usually remand the case to the District Court for consideration of the merits. In this case, however, the District Court has addressed the constitutional and statutory questions in its order denying preliminary relief, thus making a remand unnecessary. The review of a denial of preliminary relief is usually made on an abuse of discretion standard. Blackshear Residents Organization v. Romney, 472 F.2d 1197 (5th Cir. 1973); Bayless v. Martine, 430 F.2d 873 (5th Cir. 1970), cert. denied, 406 U.S. 930, 92 S.Ct. 1775, 32 L.Ed.2d 132 (1972). Even if Ballas could ultimately prevail on the constitutional issue, he might lose an appeal from denial of a preliminary injunction if such denial were found to be within the discretion of the trial court. In light of the District Court's discussion of the constitutional and statutory claims in its ruling and the written and oral argument of the points on appeal,

3. C. Wright, Federal Courts § 52 (2d ed. 1970).

4. In *Whatley*, this Court held that Article 5.-08(k), Texas Election Code, V.A.T.S., which established a rebuttable presumption of nonresidency as to students, was unconstitutional. The District Court in Ballas v. Symm attempted to distinguish *Whatley* and uphold the statute.

however, we will also decide the constitutional merits of the court's order in the interest of judicial economy.

Ballas argues that the questionnaire is an additional test or requirement to be completed prior to voter registration. Although completion of the questionnaire may be required prior to registration, it does not appear from the record to be an additional test or requirement for voter qualification: it is merely a means by which the voter registrar may elicit information pertaining to the residency of the voter applicant. The test for voting is that the applicant be a resident of the state and county in which he seeks to vote. Article 5.02, Texas Election Code, V.A.T.S. The constitutionality of requiring the voter to be a resident has been upheld. Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). In Texas, the county collector, who has the responsibility of registering voters, is given the authority to challenge a voter applicant, Article 5.17a, Texas Election Code, V.A.T.S., and require proof of residence, Article 5.21, Texas Election Code, V.A.T.S., prior to registering that applicant to vote. Each question asked on the questionnaire merely concerns an indicia of residence. The commulative effect of the answers is to support or fail to support the applicant's assertion of residency. It appears to be nothing more. There is no proof that the questionnaire was used as a device to prevent legal residents from voting.

■ Several reasons contravene Ballas' argument that the mere use of the questionnaire is unconstitutional or a violation of federal statutes:

*First,* the fact that the questionnaire is primarily required of student applicants does not necessarily establish an invidious discrimination in violation of the Fourteenth Amendment.

*Second,* although the Article 5.08(k) rebuttable presumption of student non-residency no longer appertains in Texas because of our decision in Whatley v. Clark, 482 F.2d 1230 (5th Cir. 1973),

cert. denied (1974), students along with all other voter applicants still must be residents in order to become qualified electors.

*Third,* the evidence unequivocally established that Symm knows approximately 60% of the qualified electors in Waller County, and thus knows of their residency through personal knowledge. He verifies the residency of the remaining voters through one of two ways: inspection of the tax rolls or through information gleaned from the questionnaire.

*Fourth* since all of the students within Waller County are neither known to Symm nor own taxable property within the county, the questionnaire is used to assist the registrar in determining their residency.

The invidious discrimination argument is mitigated by the District Court's finding that Symm also required the questionnaire of some non-student applicants whom he did not know and whose name could not be found on the tax rolls. Thus, the "discrimination" is not against students, as such, but against those persons whom the registrar does not know and whom he cannot verify to be residents of the county through alternative means. To require additional information of such persons in order to properly determine their residence does not violate their rights to equal protection under the law but merely permits Symm to carry out his official responsibility.

The procedure utilized by Symm in qualifying voters was not proven to be in violation of the Civil Rights Act, 42 U.S.C.A. § 1971(a)(2)(A), which provides that

(2) No person acting under color of law shall—

(A) in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals

within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote;

The standard for registration is the same for all applicants in Waller County: they must be residents of the state and county. The practices or procedures utilized in determining the residency of applicants appear to be uniform. It is a three step procedure: (1) if the registrar knows an applicant to be a resident of the county through his personal knowledge, he does not challenge the registration; (2) if he does not know the applicant, the registrar checks the assertion of residency by inspecting the tax rolls; and (3) if the previous two methods do not reveal any indicia of residency, the applicant is requested to complete the questionnaire to unearth other indicia of residency upon which voter qualification can be based. Residence may be established to the satisfaction of the registrar at any of the three steps. The fact that some applicants may establish their residency at an earlier step than other applicants does not mean that different standards, practices, or procedures are being utilized in contravention of 42 U.S.C.A. § 1971(a)(2)(A).

### IV.

■ Our holding that the questionnaire may be used to assist the registrar in determining the residency of a voter applicant moots the class action question. Since no constitutional or statutory violation flows from the mere use of the questionnaire in determining residency, the rights of persons denied registration after completing the questionnaire have not been infringed. This decision is limited, however, to the determination that the registrar's use of the questionnaire solely to ascertain residency is valid. We voice no opinion as to the merits of any individual case which might show that Symm's use of the questionnaire is for other purposes. On the record before us, however, there is no allegation or proof that any class of

persons is represented or exists other than those who protest the use of the questionnaire *per se.*

In summary, we hold that the federal question should have been decided by the District Court. The use of the questionnaire to determine residency is not a violation of the Equal Protection Clause or the Voting Rights Act. The Court was not incorrect in abstaining from deciding state questions of law. There was no error in denying relief to the proposed class. In light of these determinations, the class action question is rendered moot.

Affirmed.