**Michael D. NEVIN, Petitioner,**

v.

**The PEOPLE OF the STATE OF CALIFORNIA, Respondent.**

**No. C–75–2318 WHO.**

United States District Court,
N. D. California.

March 12, 1976.

Jerrold M. Ladar, San Francisco, Cal., for petitioner.

Joseph Freitas, Jr., Dist. Atty., Albert K. Murray, Asst. Dist. Atty., San Francisco, Cal., for respondent.

## OPINION AND ORDER

ORRICK, District Judge.

On October 30, 1975, a criminal complaint was filed in state court against Michael D. Nevin alleging that he had violated Section 14403 of the California Elections Code by having illegally voted by absentee ballot in San Francisco, California, on October 29, 1974, for an election conducted on November 5, 1974. Section 14403 of the California Elections Code provides in pertinent part that a person "not entitled to vote, who fraudulently votes * * * is guilty of a felony". The criminal complaint alleges that Nevin voted in the City and County of San Francisco in 1974 at a time when he resided in San Mateo County (Daly City).

■ On November 3, 1975, Nevin removed the state criminal prosecution against him to federal court.[1] Nevin bases his right to remove the state criminal prosecution to federal court on 28 U.S.C. § 1443(1) which provides in pertinent part:

"Any of the following * * * criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof * *."

The right to removal under this section has been narrowly construed. *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *City of Greenwood v. Peacock,* 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). As defined in *Rachel,* the term "equal civil rights" means "any law providing for specific civil rights stated in terms of *racial equality*". *Georgia v. Rachel, supra,* at 792, 86 S.Ct. at 1790, 16 L.Ed.2d at 933 (emphasis added).

■ Thus, a claim of denial of due process, denial of free speech, or other broad constitutional guarantees not framed in terms of racial equality provide no basis for removal under this section. *Georgia v. Rachel, supra,* at 792, 86 S.Ct. at 1790, 16 L.Ed.2d at 933; *New Mexico v. Torres,* 461 F.2d 342 (10th Cir. 1972). Nor is it enough to allege that the defendant's rights have been "illegally and corruptly denied" or that the charges against the defendant are "false". *Louisiana v. Rouselle,* 418 F.2d 873 (5th Cir. 1969).

In the instant case, Nevin charges that the San Francisco District Attorney conspired with others to bring unwarranted charges against him in order to discredit him and damage his campaign for elected office. He claims that he will be unable to get a fair trial in state court because of the bad faith of the prosecutors and adverse pretrial publicity.

■ However, such charges do not justify removal under the standards enunciated in *Rachel* and *City of Greenwood.* Complaints of conspiracy, local prejudice, and adverse publicity do not justify removal under Section 1443(1). *Pennsylvania v. Civill,* 313 F.Supp. 1318 (W.D.Pa.1970).

The latest Supreme Court pronouncement on removal under Section 1443(1) reaffirms the narrow exceptions in which a state criminal proceeding may be removed and compels remand in this case. *Johnson v. Mississippi,* 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). The petitioners in *Johnson* were six Negroes who were arrested after engaging in picketing and urging a boycott of certain business establishments allegedly practicing racial discrimination in employment. The petitioners were charged with unlawfully conspiring to bring about a boycott. Petitioners sought to remove the state criminal prosecutions against them to federal court under Section 1443(1), contending that the conspiracy statutes underlying the charges were unconstitutional, and that the charges against them were groundless and made solely to deprive those arrested of federally protected rights. In particular, the petitioners claimed the activities they engaged in were protected by 18 U.S.C. § 245, which, *inter alia,* makes it a crime to injure, intimidate, or interfere with any person by force or threat of force because that person has participated lawfully in peaceful assembly opposing racial discrimination in employment.

The Supreme Court held that removal was not warranted by petitioners' claims that the state statutes underlying their prosecution were unconstitutional, that there was no basis in fact for the charges against them, or that their arrest and pros-

1. An order remanding the state court action was issued by Judge Williams on November 5, 1975, reciting a defect on the face of the petition for removal. On November 12, 1975, an amended petition for removal was filed. This amended petition for removal is presently before the Court on the respondent's motion to remand.

ecution otherwise denied them their constitutional rights.

■ Construing *Rachel* and *City of Greenwood,* the court reaffirmed the sharp limitations on the scope of removal under Section 1443(1). The statute permits removal only in the rare case in which (1) the federal right at issue stems from a law providing expressly for equal civil rights, (2) the conduct with which the removal petitioners were charged is arguably protected by the federal right in question, and (3) the federal law grants the further right not only to engage in the conduct in question, but to be free from arrest and prosecution by state officials for that conduct. *Johnson v. Mississippi, supra,* 421 U.S. at 229, 95 S.Ct. at 1600, 44 L.Ed.2d at 133 (Dissenting Opn., by Marshall, J.). The court stressed that the vindication of the defendant's federal rights should be left to the state courts except in the rare instances where it can be clearly predicted by operation of a pervasive and explicit state or federal law that the federal rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. *Johnson v. Mississippi, supra,* at 220, 95 S.Ct. at 1596, 44 L.Ed.2d at 129.

Such is not the case here. Nevin is being prosecuted for voting at a time when he was allegedly not a resident of San Francisco. However, he will have an opportunity at the state trial to demonstrate that he was, in fact, a resident of San Francisco at the time he cast his ballot and that he did not vote with fraudulent intent. He will also be able to present his federal claims. This is not a situation where the very act of defending a state court action will deprive Nevin of a federally protected right.

Nevin tries to evade the impressive precedents against him by arguing that 42 U.S.C. § 1973aa–1, part of the Voting Rights Act Amendments of 1970, creates a new "equal civil right" cognizable under Section 1443(1). However, Nevin has failed to establish any abridgment of the rights protected by 42 U.S.C. § 1973aa–1.

Section 1973aa–1 was enacted to abolish durational residency requirements as a pre-

condition for voting for President and Vice President and to prescribe uniform opportunities for absentee balloting and registration in presidential elections. Section 1973aa–1(c) provides in pertinent part:

> "No citizen of the United States who is otherwise qualified to vote in any election for President and Vice President shall be denied the right to vote * * * in such election because of the failure of such citizen to comply with any durational residency requirement of such State or political subdivision; nor shall any citizen of the United States be denied the right to vote * * * in such election because of the failure of such citizen to be physically present in such State or political subdivision at the time of such election, if such citizen shall have complied with the requirements prescribed by the law of such State or political subdivision providing for the casting of absentee ballots in such election."

Nevin argues that his case falls within the protections of Section 1973aa–1, which he claims shields a citizen whose elective franchise is threatened by any state criminal or civil action in regard to residency. He claims that a state prosecution which aims specifically at a defendant's vote (exercised pursuant to a valid voter registration) on the ground that he does not satisfy a durational residency requirement is precisely what Section 1973aa–1 covers.

■ Concededly, the rationale for the enactment of Section 1973aa–1 was that the imposition of parochial durational residency requirements interfered with the right to travel interstate and other constitutional rights. However, it is clear that the Voting Rights Act Amendments of 1970 did not intend to abrogate the power of the states to enact bona fide residency requirements. *Hardy v. Lomenzo,* 349 F.Supp. 617, 619–620 (S.D.N.Y.1972).

■ Appropriately defined and uniformly applied bona fide residency requirements withstand constitutional scrutiny. *Dunn v. Blumstein,* 405 U.S. 330, 343–344, 92 S.Ct. 995, 1003–1004, 31 L.Ed.2d 274, 284–285 (1972); *Carrington v. Rash,* 380 U.S. 89,

93–94, 85 S.Ct. 775, 778–779, 13 L.Ed.2d 675, 678–679 (1964).

Moreover, the protections of the Act only apply to "otherwise duly registered voters" who have complied with the local requirements regarding registration and absentee ballots. 42 U.S.C. § 1973aa–1(c).

■ As noted, the section does not attempt to strike down all state requirements as to residency. Indeed, the legislative history of this section indicated that Congress specifically rejected a proposal that it establish uniform residency requirements for voting in Presidential and Vice Presidential elections. H.R.Rep.No.91–397, 91st Cong., 2d Sess., 1970 U.S.Code Cong. & Admin. News, pp. 3277, 3285 (1970).

Nevin is not being prosecuted because he did not fulfill some time requirement *in addition* to a bona fide residency requirement; he is charged with voting when he was not a resident at all. As noted in *Dunn v. Blumstein, supra,* the state clearly has an interest in regulating its franchise in this regard. *See also, Blassman v. Markworth,* 359 F.Supp. 1 (N.D.Ill.1973). Indeed, a federal court should not get involved in determining who is a resident under state law. *Ballas v. Symm,* 494 F.2d 1167, 1170 (5th Cir. 1974).

■ Furthermore, the act is not framed in terms of "racial equality". However, even assuming *arguendo* that Section 1973aa–1 creates a new specific civil right stated in terms of racial equality (*Georgia v. Rachel, supra,* 384 U.S. at 792, 86 S.Ct. at 1790, 16 L.Ed.2d at 933), it evinces no intention in any manner to interfere with state criminal prosecutions of those who seek to have their cases removed to federal court. It should be noted in this regard that Sections 1973aa–2 and 1973aa–3 provide civil injunctive and criminal penalty provisions to the citizens who claim abridgment of rights protected by Section 1973aa–1. Unlike the situation in *Rachel,* however, Congress did *not* specifically prohibit any attempt to punish any person for exercising protected rights so that the burden of defending the state prosecution was in itself the denial of a right explicitly conferred by

federal law. *Georgia v. Rachel, supra,* 384 U.S. at 805, 86 S.Ct. at 1797, 16 L.Ed.2d at 941. *Johnson v. Mississippi, supra,* 421 U.S. at 220, 223–224, 95 S.Ct. at 1596, 1597–1598, 44 L.Ed.2d at 129, 130–131.

Accordingly, IT IS HEREBY ORDERED that the respondent's motion to remand be and hereby is GRANTED pursuant to 28 U.S.C. § 1447(c).