**Kaye H. BALL, Plaintiff,**

v.

**Ted W. BROWN et al., Defendants.**

**No. C 76–452.**

United States District Court,
N. D. Ohio, E. D.

Jan. 20, 1977.

Charles E. Guerrier, Cleveland, Ohio, for plaintiff.

William J. Brown, Thomas V. Martin, John J. Lowther, Columbus, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

LAMBROS, District Judge.

Plaintiff has brought this action alleging that Ohio Revised Code (ORC) § 3503.18,[1] both as written and as applied, unconstitutionally infringes upon her right to vote on the basis of her sex. Plaintiff seeks declaratory and injunctive relief pursuant to the fourteenth amendment, the nineteenth amendment and 42 U.S.C. § 1971.[2]

## I. JURISDICTION

■ Actions pursuant to 42 U.S.C. § 1971 are generally instituted by the Attorney General of the United States. However the right to bring a private action for violations of this statute has been recognized. Cf.

United States v. Mississippi, 380 U.S. 128, 137, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965); Ballas v. Symm, 494 F.2d 1167 (5th Cir. 1974); Brier v. Luger, 351 F.Supp. 313 (M.D.Pa.1972); Brooks v. Nacrelli, 331 F.Supp. 1350 (E.D.Pa.1971). Further, the prevalent trend permits § 1971 actions to redress non-racial discrimination. Frazier v. Callicutt, 383 F.Supp. 15 (N.D.Miss.1974); Brier v. Luger, supra; See Ballas v. Symm, supra; Shivelhood v. Davis, 336 F.Supp. 1111 (D.Vt.1971).[3] Accordingly, plaintiff's allegations of discrimination in voter registration on the basis of sex are properly before the Court under 42 U.S.C. § 1971.

Plaintiff further asserts that the Court has jurisdiction to consider her fourteenth and nineteenth amendment claims pursuant to 28 U.S.C. § 1343(3), (4).[4] This assertion is without merit.

■ Plaintiff's claims do not arise under an act of Congress. Therefore, 28 U.S.C. § 1343(4) is inapplicable to this action. Henderson v. Defense Contract Administration Services Region, New York, 370 F.Supp. 180 (S.D.N.Y.1973).

■ Plaintiff's nineteenth amendment claims are not cognizable under 28 U.S.C. § 1343(3). The nineteenth amendment is enforced by appropriate congressional legislation. U.S.Const. amend XIX, § 2. The provisions of 42 U.S.C. § 1983 and 42 U.S.C. § 1971 afford an adequate remedy for deprivation of the rights secured by the nine-

---

1. At least once each month the probate judge shall file . . . with the board (of elections) the names of all persons over eighteen years of age who have changed their names by marriage or otherwise. . . . The board shall remove from the files and cancel the registration forms of ineligible registrants. When the board has been notified of a change of name by marriage or otherwise, the board shall notify the elector that the registration has been canceled and that such elector is required to register under the new name before he will be eligible to vote. § 3503.18, O.R.C.

2. This action originally came on to be heard by a three-judge court on October 26, 1976. Upon determining ORC § 3503.18 was not unconstitutional on its face, the three-judge court was dissolved and the matter was submitted to the convening judge for consideration on the merits.

3. But see O'Neal v. Gresham, 519 F.2d 803 (4th Cir. 1975); Brooks v. Nacrelli, 331 F.Supp. 1350 (E.D.Pa.1971).

4. 28 U.S.C. § 1343(3), (4) provide in pertinent part:

3. To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

4. To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

teenth amendment.[5] Further, the right of all qualified citizens to vote in state as well as in federal elections is guaranteed by the United States Constitution. *Reynolds v. Sims,* 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). To the extent that the nineteenth amendment provides a further guarantee of the right to vote, that guarantee is encompassed within the fourteenth amendment guarantee of equal protection under laws prohibiting state action which invidiously encroaches upon the right to vote. See *Williams v. Rhodes,* 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

■ Regarding plaintiff's fourteenth amendment claims, although 28 U.S.C. § 1343(3) vests the Court with jurisdiction to redress the deprivation of civil rights under color of state law, fourteenth amendment claims are properly brought pursuant to 28 U.S.C. § 1331. *Amen v. City of Dearborn,* 532 F.2d 554 (6th Cir. 1976); see also *Sayre v. U. S.,* 282 F.Supp. 175 (N.D.Ohio 1967); *Hupart v. Board of Higher Education of the City of New York,* 420 F.Supp. 1087 (S.D.N.Y.1976).[6] Plaintiff has neither alleged jurisdiction upon this basis, nor satisfied the jurisdictional amount required by 28 U.S.C. § 1331.

## II.  CLASS ACTION

■ Plaintiff originally sought to proceed with this case as a class action. Plaintiff, however, neither moved to certify the class, nor objected to proceeding on the merits. The effect of the Court's decree will extend to the plaintiff and all others similarly situated irrespective of whether this case proceeds as a class action. See *United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach,* 493 F.2d 799 (5th Cir. 1974); *Coffin v. Secretary of Health, Education and Welfare,* 400 F.Supp. 953 (D.D.C.1975). Therefore, the Court denies certification of this case as a class action. *Bradford v. Peoples Natural*

*Gas Company, Inc.,* 60 F.R.D. 432 (W.D.Pa. 1973).

## III.  IMMUNITY

The State of Ohio asserts that this action is precluded as to it under the provisions of the eleventh amendment. This amendment provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

■ Pursuant to this amendment, a state is immune from suits brought against it by its own citizens. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), rehearing den. 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974); *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This immunity extends to suits brought in federal court under the Constitution and laws of the United States. *Starr v. Schram,* 143 F.2d 561 (6th Cir. 1944); *Clark v. State of Washington,* 366 F.2d 678 (9th Cir. 1966).

■ Plaintiff's claims are based upon 42 U.S.C. § 1971. Actions pursuant to this statute may be instituted against a state by the United States Attorney General. *U. S. v. Mississippi,* 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965). However, a private citizen, seeking injunctive relief to vindicate the public interest, may not bring such an action "in place of the Attorney General". *Fitzpatrick v. Bitzer,* 519 F.2d 559, 570 (2d Cir. 1975). Accordingly, plaintiff's claims against the State of Ohio are precluded by the eleventh amendment.

## IV.  SECRETARY OF STATE

■ The evidence regarding the participation of defendant Ted W. Brown, Secretary of the State of Ohio, in the voter

5.  Plaintiff has not invoked the provisions of 42 U.S.C. § 1983 in this case. Further plaintiff has not presented anything which would permit the Court to treat this action as one pursuant to 42

U.S.C. § 1983. See *Howell v. Citaldi,* 464 F.2d 272 (3rd Cir. 1972).

6.  But see *Jewell v. City of Covington,* 425 F.2d 459 (5th Cir. 1970).

registration process consists of the following:[7]

1. Item # 12 of the agreed statement of facts, which states:

If called upon to testify, the Secretary of State would state under oath that if he had been asked his opinion, he would have instructed the Board that an affidavit is not required in this factual situation. If a married woman submits a written statement that her maiden name is the name she uses and by which she is known, the Board should accept her registration under that name.

2. A 1976 Voter Information Pamphlet from Ted W. Brown, Secretary of State, which reads in pertinent part:

If you have changed your name by marriage or other legal action, you must report the change to the Board of Elections before you will be again permitted to vote. The report may be made either in person or by mail. Change of name notice cards may be obtained from the Board upon request. If you marry within a period of 60 days before an election, you may vote in that election under your former name.

3. An excerpt from an information bulletin entitled *Brown Ballot Box* dated September 1, 1974, dealing with name changes sixty days before an election.

4. An excerpt from an information bulletin entitled *Brown Ballot Box* dated June 1, 1974, dealing with registration of newly married women.

Item # 12 of the agreed statement of facts does not indicate the promulgation or acknowledgment of a statewide policy which operates to cancel the registration of newly married women who have retained their maiden names.

The Voter Information Pamphlet and the *Brown Ballot Box,* September 1, 1974, are directed toward ORC § 3503.19. This section is separate and distinct from the provisions of O.R.C. § 3503.18. Therefore, these materials have no bearing on this case.

The *Brown Ballot Box,* June 1, 1974, is simply an information bulletin which summarized the then state of Ohio law regarding the registration of newly married women desiring to vote under their maiden names. The *Ballot Box* does not purport to establish any rule, regulation or guidelines to be followed by Boards of Elections in Ohio.

This evidence fails to establish that the practices complained of by the plaintiff were conducted according to any rules, regulations or guidelines promulgated by Brown in his official capacity. Further, there is no evidence which indicates that Brown acted in an individual capacity to further the practices complained of.

## V. O.R.C. § 3503.18

Plaintiff challenges the constitutionality of O.R.C. § 3503.18 as establishing and imposing discriminatory standards, practices or procedures in violation of 42 U.S.C. § 1971.

O.R.C. § 3503.18 is not so clearly and palpably unconstitutional on its face as to require the Court to strike it down. See *U. S. v. Halifax County Board of Education,* 314 F.Supp. 65 (E.D.N.C.1970); *Phillips Petroleum Co. v. Jones,* 147 F.Supp. 122 (D.Okl.1955). The State of Ohio has a valid and compelling interest in the orderly operation of its election machinery. There is no constitutional barrier to the State requiring the disclosure of a voter's correct name. *Walker v. Jackson,* 391 F.Supp. 1395 (E.D. Ark.1975). Further, O.R.C. § 3503.18, as written, does not require or imply that the Board of Elections take actions of the sort complained of by the plaintiff. The method by which the Board of Elections applies or administers this statute does not affect the underlying validity of the statute itself. *U. S. v. State of Mississippi,* 229 F.Supp. 925 (S.D.Miss.1964), rev'd on other grounds 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965). However, the fact that a statute is constitutionally valid does not prevent the Court from inquiring as to whether the statute is being properly implemented.

7. The parties have submitted this case upon an agreed statement of facts.

There is no Ohio law which compels a woman, upon marriage, to adopt the surname of her husband. See *State ex rel. Krupa v. Green,* 114 Ohio App. 497, 177 N.E.2d 616 (1961); *State ex rel. Bucher v. Brower,* 21 O.O. 208 (1941).[8] A woman may choose to marry, but to retain her family surname. Therefore, whether a married woman has changed her name within the context of O.R.C. § 3503.18 is a question of fact to be determined on a case by case basis.

O.R.C. § 3503.18 provides, *inter alia,* that the probate judge shall file the names of all persons who have changed their names by marriage with the board of elections, and that the board shall cancel such person's voter registration forms. As a condition precedent to having her registration form cancelled through this process, a woman must have actually changed her name through marriage.

This determination must be made prior to cancelling the registration form of any woman. By mandating that the probate court initiate a list of people who have changed their names, O.R.C. § 3503.18 places the onus of such a factual determination upon the probate court. Where the board, pursuant to O.R.C. § 3503.18, automatically cancels a woman's registration form without this determination being made, the cancellation is premised upon a change in marital status, not a change in name. Such a practice is inconsistent with and beyond the scope of O.R.C. § 3503.18, and violative of the provisions of 42 U.S.C. § 1971.[9]

The Court finds from the evidence adduced at trial, that plaintiff retained her family name upon marriage. The Court further finds that the defendant Lorain County Board of Elections, acting ostensibly in furtherance of O.R.C. § 3503.18, cancelled plaintiff's voter registration form in violation of 42 U.S.C. § 1971.[10] Accordingly, the Court enjoins defendant Lorain County Board of Elections and defendant Joan M. Leyshon from cancelling plaintiff's voter registration form. The Court further enjoins these defendants from cancelling, on the basis of notice from the probate court of a change of name by marriage, the voter registration form of any individual whose name has not actually been changed.

### VI. ATTORNEY FEES

Plaintiff seeks an award of reasonable attorney fees pursuant to 42 U.S.C. § 1973*l*(e). Absent special circumstances which would justify a refusal to make an award, attorney fees should be granted to a plaintiff prevailing in an action to enforce voting guarantees. *Latham v. Chandler,* 406 F.Supp. 754 (N.D.Miss.1976). Accordingly, plaintiff is awarded reasonable attorney fees for this action as to the defendants Joan M. Leyshon and the Lorain County Board of Elections.

IT IS SO ORDERED.

---

8. In each of these cases a prenuptial contract was entered into which expressly permitted plaintiff-wife to retain her family surname. *State ex rel. Bucher v. Brower* held that such a contract was necessary to permit plaintiff to retain her family surname. *State ex rel. Krupa v. Green,* however, did not expressly hold a contract to be necessary, but considered the contract as part of the totality of the evidence.

9. It has been held that a state may constitutionally require a woman to apply for and receive a driver's license in her husband's surname, even though she uses her maiden name for all other purposes. *Whitlow v. Hodges,* 539 F.2d 582 (6th Cir. 1976) cert. den. 429 U.S. 1029, 97 S.Ct. 654, 50 L.Ed.2d 632. The Court does not find *Whitlow* controlling in this case. The present case involves the deprivation of the fundamental right to vote. The *Whitlow* case involved the deprivation of the right to operate a motor vehicle. Further, the instant action was premised upon the specific Congressional mandate of 42 U.S.C. § 1971. The *Whitlow* case was based upon the general Congressional authorization of actions to redress the deprivation of civil rights found in 42 U.S.C. § 1983.

10. The Court does not hold today that the non-uniform application of standards, practices and procedures may never be constitutionally permissible. See *Wilson v. Symm,* 341 F.Supp. 8 (S.D.Tex.1972).