**STATE, Plaintiff-Appellee, v. ROCHE, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5279.   Decided January 13, 1956.

Samuel L. Devine, Pros. Atty., Fred L. Newsom, Jr., Asst. Pros. Atty., Columbus, for plaintiff-appellee.

John F. Seidel, W. B. Bartels, Columbus, for defendant-appellant.

(GRIFFITH, J, NICHOLS, PJ, of the Seventh District, and FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By GRIFFITH, J.

The appellant has filed a motion for an order reconsidering the decision heretofore made by this Court, and for an order granting him a new trial for the reason that one of the jurors was not at the time of the trial a qualified elector, and, therefore, not qualified to sit as such juror.

It appears from the affidavit attached to the motion that one of the jurors first registered as a voter in Franklin County on September 27,

1950; that she voted at the general election in 1950 and again in 1952. Having failed to vote in 1953 and 1954, her registration card was removed from the active files, and it became necessary for her to re-register before she could be permitted to become a voter again. (See §3503.25 R. C.)

At all times during this period, she resided at 2739 Howey Road in Columbus, and the affidavit further shows that on September 28, 1955, the same juror registered from the same address making her eligible to again become a voter in Franklin County. At the time she was impaneled as a juror in this case, she was not a registered voter.

Was she a qualified juror under such circumstances? This is the sole question to be determined by this Court in passing on this motion.

Sec. 2313.08 R. C., provides that the jury commissioners shall select from the list of **electors** certain names, and this list coming from the Board of Elections shall be used unless otherwise ordered by the Court. This method of selection is not exclusive.

In order to find the meaning and definition of "elector," we must look to the Constitution of Ohio. **Article V, Section 1,** provides:

"Every citizen of the United States of the age of twenty-one years who shall have been a resident of the state one year next preceding the election and of the county, township, or ward in which he resides such time as may be provided by law, shall have the qualifications of an elector and be entitled to vote at all elections.".

Thus, the Constitution defines an elector and enumerates the essential qualifications of an elector. The juror had been a resident of the state, county and ward more than one year, and she met the age requirement. The matter requiring persons who are electors to register is for the purpose of showing the Board of Elections that they do have the necessary qualifications.

In adopting registration, such act does not add to the constitutional qualifications required of electors but is for the purpose of ascertaining who are qualified electors.

There is a difference between an elector and a voter. The voter is an elector who votes. An elector may not have her name on the registration list at all. She may not vote, but she still retains her qualifications of an elector. The juror in question passed all the necessary qualifications of an elector as required by **Article V, Section 1, of the Constitution,** and the fact that she neglected to re-register in nowise affected her status as an elector.

She had been registered as an elector prior to her jury service and, by virtue of such registration, entitled to vote. She had a right to register or not. She possessed all the qualifications, enumerated in the Constitution of an elector, and having such qualifications, was eligible for jury service in Franklin County, although she could not vote because she failed to register.

The difficulties involved in maintaining the appellant's claim are obvious and conclusive against its validity.

Qualifications for jury service are statewide in their application. If the contention of the appellant is tenable, then an elector in Franklin County who is required to register and fails to re-register, would become ineligible for jury service thereby, whereas an elector in Monroe County,

where no registration is required at all, would be eligible for jury service at all times. Such contention would lead to this impossible situation and would violate the constitutional definition of an elector.

It does not appear from the record that the appellant was prejudiced or was prevented from having a fair trial by reason of her failure to register. (Sec. 2945.83 R. C.) He was not misled or prejudiced in anywise by the matter of whether the juror was a voter or not. She was an elector and met all the requirements as such, and no constitutional rights of the defendant have been violated. Motion for an order reconsidering the decision, therefore, is hereby overruled.

NICHOLS, PJ, FESS, J, concur.