The State, ex rel. Krupa, v. Green, Chm., et al.

(No. 25801—Decided October 24, 1961.)

498

*Messrs. Sindell, Sindell, Bourne & Markus* and *Mr. Curt E. Stern*, for relator.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Frederick W. Frey*, for respondents.

KOVACHY, P. J.   This is an action in prohibition originating in this court, by which the relator, as a taxpayer, seeks to prohibit the respondents from certifying, printing and placing the name of Blanche Krupansky on the judicial ballot as a candidate for the office of Judge of the Cleveland Municipal Court.   Such judicial ballot will be presented to the voters of the territory at the election to be held on November 7, 1961.

All the facts in this cause are stipulated by the parties. Facts essential to this cause follow:

Blanche Krupansky was born in Cleveland and has always lived in that municipality.   In 1949, she was duly admitted to the Ohio Bar and immediately thereafter entered the general practice of the law under the name of Blanche Krupansky.   She has held public office as an Assistant Attorney General of Ohio, and as Assistant Chief Counsel, Bureau of Workmen's Compensation, state of Ohio.   In the year 1959, she was a candidate for the office of Judge of the Cleveland Municipal Court and actively campaigned under the name of Blanche Krupansky. Through public appearances, and as a member, she is well known in civic, social and religious organizations as Blanche Krupansky.   Who's Who of American Women lists her name.   All of which has given the name of Blanche Krupansky broad civic, political and social significance in this territory.

On April 30,1960, Blanche Krupansky married Frank W. Vargo.   Prior to the marriage, namely on April 12, 1960, she and Frank W. Vargo entered into a written contract in which they mutually agreed:

"(a) That the said Blanche Krupansky will retain and keep her maiden name of Krupansky and henceforth be known only as Blanche Krupansky;

"(b) that the said Blanche Krupansky will not assume, take or use the name of Vargo although a lawful marriage will unite the said Blanche Krupansky and said Frank W. Vargo on April 30, 1960."

Also, prior to her marriage, Blanche Krupansky consulted with the Secretary of State and informed the Cuyahoga County Board of Elections that under a written contract with her husband-to-be she would retain the name of Blanche Krupansky, though married. After the marriage she again advised the board of elections to the same effect and the board then typed the following notation on the registration card of Blanche Krupansky:

"Miss Krupansky is married. She will retain her single name. Board of Elections—Ray C. Miller."

Since her marriage, she has voted in three elections under the name of Blanche Krupansky.

On February 17, 1961, Blanche Krupansky filed and swore to a statement of candidacy for election to the office of Judge of the Cleveland Municipal Court for the unexpired term ending January 1, 1964, and the name of the candidate listed therein is "Blanche Krupansky" and the same is signed "Blanche Krupansky."

On August 22, 1961, Blanche Krupansky filed her nominating petition with the board of elections, listing the name of the nominated candidate as "Blanche Krupansky," and on the following day the relator filed a protest against such statement of candidacy and nominating petition.

The board of elections, after hearing, and upon the advice of the Prosecuting Attorney of Cuyahoga County, on September 8, 1961, overruled relator's protest. The prosecuting attorney's opinion was based upon the case of *State, ex rel. Bucher,* v. *Brower,* 21 Ohio Opinions, 208, in which, in the fourth headnote, it is stated:

"Where a woman does not change her name at the time of marriage and is otherwise legally registered, it is not necessary for her to re-register under the provisions of Section 4785-47, General Code [Section 3503.19, Revised Code]."

Relator alleges that the true and correct name of the person who filed the statement of candidacy and nominating petition is Blanche Vargo and not Blanche Krupansky; that on April 30, 1960, her name, by reason of marriage, became Blanche Vargo and that, having failed to register under such name, she is not eligible to be a candidate for the office she seeks; and that if her present name is Blanche Krupansky she then changed her name

500

from her married name and failed to list her former name "Blanche Vargo" on her statement of candidacy and nominating petition immediately following the name "Blanche Krupansky," as required by law.

The board of elections made its ruling on September 8, 1961. The relator took no action with respect thereto until September 19, 1961, when he filed an action for a writ of prohibition in the Supreme Court of Ohio. The Supreme Court gave relator a hearing on September 26, 1961, and disallowed a request for an alternative writ of prohibition on September 27, 1961. Relator then dismissed his action in the Supreme Court and filed an action for a writ of prohibition in this court on October 5, 1961.

This court, in the midst of a regular docket, is disposing of this case as expeditiously as possible, having due regard to the importance of the questions presented for consideration. The printing of the ballots in the meantime is being held up. It seems obvious, at this late date, that if this writ were allowed and the name of Blanche Krupansky ordered left off the judicial ballot of the Cleveland Municipal Court Blanche Krupansky would have insufficient time in which to appeal to the Supreme Court to test the correctness of such ruling and, were it erroneous, would suffer a grave injustice.

A writ of prohibition is a high prerogative writ to be used with great caution and only in the furtherance of justice and its allowance or disallowance lies within the discretion of the court ruling thereon. *Thie* v. *County Court*, 172 Ohio St., 277; *State, ex rel. Gelman,* v. *Court of Common Pleas*, 172 Ohio St., 70; *State, ex rel. Lorain County Savings & Trust Co.,* v. *Bd. of County Commissioners*, 171 Ohio St., 306; *State, ex rel. Ellis,* v. *McCabe et al., Judges*, 138 Ohio St., 417.

The Supreme Court of Ohio has held that laches or dilatory conduct in prosecuting an action in connection with elections which may adversely prejudice the substantial rights of parties in such election is just cause for a court to refuse to grant the relief sought. *State, ex rel. Peirce,* v. *Board of Elections of Stark County*, 168 Ohio St., 249; *State, ex rel. Winterfeld,* v. *Board of Elections of Lucas County*, 167 Ohio St., 531.

It is the conclusion of this court that the writ of prohibition sought in this action be disallowed as tardily brought.

The court comes to the same conclusion upon a careful consideration of the case on the merits.

It is only *by custom*, in English speaking countries, that a woman, upon marriage, adopts the surname of her husband in place of the surname of her father. The state of Ohio follows this custom but there exists no law compelling it. 39 Ohio Jurisprudence (2d), 463, Names, Section 3.

The statutes of Ohio include chapters on the subjects of marriage (Chapter 3101, Revised Code) and husband and wife (Chapter 3103, Revised Code). Significantly, the General Assembly omitted any mention of names in such chapters. Under common law and by statute, however, a person in Ohio may adopt and use any name he wishes so long as he does so in good faith and with no intent to deceive or defraud. The Supreme Court of Ohio in the case of *Pierce* v. *Brushart et al., Bd. of Elections*, 153 Ohio St., 372, at page 380, said:

"It is universally recognized that a person may adopt any name he may choose so long as such change is not made for fraudulent purposes."

See, also, 38 American Jurisprudence, 610, Name, Section 28.

In England, from which came our customs with respect to names, a woman is permitted to retain her maiden surname upon marriage if she so desires.

M. Turner-Samuels, in his book on "The Law of Married Women," at page 345, states:

"In England, custom has long since ordained that a married woman takes her husband's name. This practice is not invariable; not compellable by law. * * * A wife may continue to use her maiden, married, or any other name she wishes to be known by. * * *"

He cites the following cases as authority for his statement: *Fendall* v. *Goldsmid* [1877], 2 P. D. (Eng.), 263; *Dancer* v. *Dancer* [1948], 2 All. E. R., 731; *Chipchase* v. *Chipchase* [1939], 3 All. E. R., 895; *Chipchase* v. *Chipchase* [1942], P., 37, distinguished; *Sullivan* v. *Sullivan* [1818], 2 Hag. Con., 238, 161 E. R., 728, 27 Digest 49; *Wakefield* v. *Mackay* [1807], 1 Hag. Con., 394, 1 Phillim., 134, *n.*

The object and purpose of describing a person by a name is to identify such person. 39 Ohio Jurisprudence (2d), 467,

Names, Section 10. Under the facts of this case, Blanche Krupansky can be identified by no name other than that of Blanche Krupansky. She has brought this about by (1) arranging an antenuptial written contract to that effect with her husband; (2) scrupulously using no other name in all of her activities; (3) notifying the board of elections of such desire; (4) obtaining a notation on her registration card by the board of elections to the effect that she is married and will retain her single name; (5) voting in three elections under such name.

Thus it appears she made the use of her maiden surname after marriage agreeable to her husband, used such name after marriage openly and notoriously, with no deviation whatever, and obtained a public documentation of the same. By these actions, Blanche Krupansky has clearly demonstrated her intent and purpose to be identified and known by the name of Blanche Krupansky and by no other name.

It is manifest, therefore, that the person known by the name Blanche Krupansky in the city of Cleveland is identified and known by no other name and that, as a consequence, this court cannot find that the declaration of candidacy and the nominating petition listing the name of Blanche Krupansky as the candidate nominated is invalid.

The relator maintains that Blanche Krupansky is ineligible for the office of Municipal Court Judge by not re-registering after her marriage under the name of Blanche Vargo, because under Section 3503.18, Revised Code, when the Probate Court notifies the board of elections of "persons over twenty-one years of age who have changed their names by marriage or otherwise," "the board shall notify the elector that the registration has been canceled and that such elector is required to register under the new name before he will be eligible to vote." It is stipulated that the Probate Court gave such notice and that the board gave none to Blanche Krupansky. The relator says that since such action is mandatory, the registration of Blanche Krupansky must legally be treated as having been canceled and Blanche Krupansky disqualified from signing a declaration of candidacy under Section 3503.06, Revised Code. Since it is our view that Blanche Krupansky did not change her name upon marriage, these sections of the election laws have no application.

The relator also maintains that, "even assuming that

Blanche Vargo's name is now Blanche Krupansky, her statement of candidacy and nominating petition are nevertheless invalid for failure to list both names," as required by Sections 3513.06, and 3513.271, Revised Code. These sections also have to do with a change of name on the part of a candidate and, likewise, under our view that no change of name took place, have no application.

It follows from the above, and this court holds, that the relator has failed to show an abuse of discretion or a clear disregard of statutes or legal provisions applicable thereto on the part of the Board of Elections of Cuyahoga County in disallowing the protest filed by the relator against the candidacy of Blanche Krupansky for Judge of the Cleveland Municipal Court for the unexpired term ending January 1, 1964, and that the action of the board is final under Section 3513.262, Revised Code. *State, ex rel. Flynn, v. Board of Elections,* 164 Ohio St., 193.

*Writ denied.*

HURD, J., concurs.

SKEEL, J., concurring. In concurring with the majority opinion as the basis for denying the relator's prayer for a writ of prohibition which is clearly required upon the stipulated facts filed in this case and set out in the opinion, I believe a constitutional question is presented.

The question presented by the relator and the reason upon which he claims the right to prevent the respondents, as the Board of Elections of Cuyahoga County, from printing the name of Blanche Krupansky on the judicial ballot for Judge of the Cleveland Municipal Court at the election to be held November 7, 1961, is: Whether a female who is a qualified elector, as defined by the Constitution of this state, who, for a period of time before marriage had been registered as such by the board of elections, may, by contract with her prospective husband before her marriage, agree that upon marriage she would retain her maiden name for all purposes, thereby making inapplicable the provisions of Section 3503.18, Revised Code, and other related sections, and thus retain her registration as a registered voter and avoid the cancellation of her registration as a voter or the need to re-register as an elector under her Christian name

and the surname of her husband. Equally important is the question whether registration as a voter, in addition to being a qualified elector, is a necessary prerequisite for being a candidate for public office.

The overruling of relator's protest by the election board, after trial, was influenced by the case of *State, ex rel. Bucher, v. Brower* (Common Pleas Court of Montgomery County, 1941), 21 Ohio Opinions, 208, where, in the fourth headnote, it is stated:

"Where a woman does not change her name at the time of her marriage and is otherwise legally registered, it is not necessary for her to re-register under the provisions of Section 4785-47, General Code [Section 3503.19, Revised Code]."

The overruling of the protest by the election board was based on sound principles of law.

The qualifications for being an elector are provided for by the Constitution of Ohio, Section 1 of Article V, as follows:

"Every citizen of the United States, of the age of twenty-one years, who shall have been a resident of the state one year next preceeding the election, and of the county, township, or ward, in which he resides, such time as may be provided by law, shall have the qualifications of an elector, and be entitled to vote at all elections."

Under that definition, Blanche Krupansky was and is, under the Constitution, a qualified elector. Those are the only basic qualifications necessary to running for and holding public office.

Section 3503.06, Revised Code, provides for the circumstances under which the election board of a county is required to register voters. There are, however, many counties in Ohio where voters are not required to register, so that the provisions of Sections 3503.18 and 3503.19, Revised Code, have no application to candidates in such territories. Registration is not universal throughout Ohio, so that the provisions of Sections 3503.18 and 3503.19, Revised Code, must be interpreted as not attempting to qualify the constitutional provision defining "qualified electors." The sole purpose of these sections is to identify those entitled to vote in counties where registration is required or has been adopted.

Section 3503.18, Revised Code, requires certain officers of political subdivisions to report to the board of elections persons

over twenty-one years who have died within any registration precincts. A like report by certain officers is required as to persons found to be insane and persons who have changed their names by marriage or otherwise. Also certain officers are to report to the election board persons who have changed their names by order of the court or who have been disenfranchised by conviction for crimes declared by law to result in loss of the right of franchise. The board of elections is ordered by this section to cancel and remove from the files all ineligible registrants. Section 3503.19, Revised Code, provides that whenever, after original registration, a person changes his name, such person is required to re-register to be able to lawfully exercise the right of franchise. However, he may exercise such right of franchise under his prior name if the change of name occurs within forty days of election day.

Section 1901.06, Revised Code, provides that a candidate for the office of Judge of a Municipal Court shall, in addition to certain legal qualifications, be a qualified elector and resident of the territory of the court. There is no requirement that such candidate be registered as an elector. If this were not so, there are a number of counties where there would be no eligible candidates for such office.

A similar provision (Section 2313.08, Revised Code) defines the qualifications of jurors, that is that the persons selected as jurors shall be taken from the list of electors within the jurisdiction of the court. In the case of *State* v. *Roche*, 72 Ohio Law Abs., 465, the Court of Appeals of the Second Appellate District (Franklin County) said that an elector is a citizen who has been a resident of the state for at least one year and of the county and ward for such time as has been provided by law, and who is over twenty-one years of age, and that registration acts do not add to or limit the constitutional qualifications required of electors but are for the purpose of ascertaining who are qualified electors when they present themselves at a polling place to vote. And on page 466, the court says:

"Qualifications for jury service are statewide in their application. If the contention of the appellant is tenable, then an elector in Franklin County who is required to register and fails to re-register, would become ineligible for jury service thereby, whereas an elector in Monroe County, where no registration is

required at all, would be eligible for jury service at all times. Such contention would lead to this impossible situation and would violate the constitutional definition of an elector."

Even if it be admitted that as a matter of law (which, however, is not the fact) the election board was required to cancel the registration of Blanche Krupansky under the provisions of Section 3503.19, Revised Code, such cancellation in no way affected her right to be a candidate for the office of Judge of the Cleveland Municipal Court. She was and is a qualified elector within the terms of the Constitution.

There remains the question as to the right of Blanche Krupansky to use her maiden name in presenting her candidacy for Judge of the Cleveland Municipal Court territory to the voters. The statutes relied upon by the relators, that is, Sections 3503.18 and 3503.19, Revised Code, are not helpful in considering this question. These sections are found in the chapter dealing with the rules prescribing registration of qualified voters in certain counties.

Blanche Krupansky is the name by which the candidate here concerned has been known all her life. By custom, upon marriage, she may acquire the surname of her husband, but this does not prevent her from continuing to use her maiden name for any legitimate purpose so long as it is not fraudulently done or its use continued for a fraudulent purpose.

If any question of public policy should be advanced seeking to hold that a married woman has been bound by custom to take the name of her husband in all events and for all purposes, there being no statute requiring it, it should be noted that the trend against the loss of the identity of a woman by marriage has received common acceptance. An examination of the statutes shows the trend toward emancipation of married women from the common-law rules of bondage, from complete deprivation of all property rights, to that of being accorded the right to contract with her husband and others, to own property separate and apart from her husband, and to have the right of franchise, being limited only to the extent that her marital status cannot be changed or altered by common consent. From these facts, it must be evident that many unnecessary restrictive customs have fallen by the wayside. Certainly, if public policy sanctions commercial activities by married women, which of necessity are

in no way concerned with her domestic life, then her family name, by which she is known in domestic circles, will not be harmed by whatever name she used in her commercial activities.

The statutes of Ohio dealing with restrictions on the use of a new or changed name (Sections 3513.06 and 3513.271, Revised Code) are to prevent misrepresentation to the voters by a change of name, but there are no statutes seeking to regulate the continued use of a name by which a person has been identified over a long period of time (in this case all her life) and by which he is known in the community. It is the almost universal rule that one may adopt and use any name by which he is to be known provided such name is used in good faith. Under the circumstances of this case, Blanche Krupansky had the legal right to continue to use her maiden name as shown by the record, and, in filing her declaration of candidacy under that name, she acted properly; and the board of elections, in accepting her declaration of candidacy and nominating petition for Judge of the Cleveland Municipal Court for filing, acted according to law.