326 So.2d 226 (1976)
Ralph C. DAVIS, Executive Director, Department of Highway Safety and Motor Vehicles of Florida, Appellant,
v.
Barbara Mary ROOS, Appellee.
No. X-369.
District Court of Appeal of Florida, First District.
February 3, 1976.
Edwin E. Strickland and Enoch J. Whitney, Tallahassee, for appellant.
Stewart E. Parsons of Parsons & Warren, Tallahassee, for appellee.
*227 RAWLS, Acting Chief Judge.
Barbara Mary Roos is married to Robert R. Burke. Subsequent to her marriage she applied to the Department of Highway Safety and Motor Vehicles for a Florida driver's license in her maiden name of Barbara Mary Roos. The department refused to process her application, informing her that she would have to use the surname of Burke. After exhausting her administrative remedies, appellee sought and procured a peremptory writ of mandamus in the Circuit Court of Leon County finding, inter alia:
"2. The Court further finds that Relator did not adopt her husband's surname `Burke', at the time of or subsequent to her marriage to the said Robert R. Burke but rather she has intended to and in fact has used and has been known by the name BARBARA MARY ROOS; said name having been given to Relator at birth.
"3. The Court further finds that Relator's surname did not by operation of law change to that of her husband's at the time of their marriage and that through choice, intention and use, Relator has legally retained her birth name."
The trial court further directed appellant to receive and process appellee's application for a Florida driver's license in the name of Barbara Mary Ross.
Distilled to its basic substance, the essential question is: Did the recitation of marital vows between Roos and Burke legally change her name to that of Burke, even though she rejected it? The answer is no.
The basic dialogue between the parties revolves around the question of what was the common law of England on July 4, 1776.[1] Appellant contends and cites as his primary authority the Supreme Court's opinion in Carlton v. Phelan,[2] wherein the court stated:
"`The law recognizes one Christian name or given name and one family surname ... At marriage the wife takes the husband's surname, * * * but otherwise her name is not changed.' Uihlein v. Gladieux, 74 Ohio St. 232, 78 N.E. 363, 365... ."
Phelan involved a suit styling the defendant as "Mrs." The Supreme Court, in reviewing a final judgment granting a demurrer in favor of "Mrs." Phelan, stated that the only question presented was whether the declaration affirmatively showed that the defendant was married and thus immune from enforcement of a contract of guaranty as to the payment of promissory notes executed and payable in Florida, since such an action would be against the public policy of Florida. The court noted that the prefix "Mrs." shows undoubtedly that at sometime defendant had been married to one Francis M. Phelan, Sr., but that such prefix is not a name, but a mere title that usually distinguishes the person referred to as a married woman. In holding that "Mrs." might well be properly used by widows and divorcees and thus not establishing that defendant was a married woman at the time suit was filed, the Supreme Court necessarily held that the question of defendant's marital status was a factual one and not resolved by the prefix "Mrs." Of significance is that Phelan does not hold that a recitation of marital vows, as a matter of law, changes the surname of the woman.
Since Florida has not resolved the question either by statute or decisional law, we must turn to other jurisdictions. Clearly in point is the New York Court of Appeals case of Chapman v. Phoenix National Bank.[3] There the court, in ruling upon *228 the sufficiency of constructive service of process,[4] stated:
"For several centuries, by the common law among all English speaking people, a woman, upon her marriage, takes her husband's surname. That becomes her legal name, and she ceases to be known by her maiden name. By that name she must sue and be sued, make and take grants and execute all legal documents. Her maiden surname is absolutely lost, and she ceases to be known thereby." (emphasis supplied)
In People ex rel. Rago v. Lipsky,[5] an Illinois appellate court cited with approval the New York decision in Chapman and a decision of the Texas Supreme Court in Freeman v. Hawkins.[6] This line of cases is founded upon the conclusion that pursuant to English common law a woman was required, upon marriage, to abandon her maiden name and acquire her husband's surname.
It is our conclusion that history or precedent fails to support the "Chapman" enunciations.
The common law regarded the Christian name, with the sanction of baptism behind it, as all important. No requirement demanded that a woman adopt the surname of her husband when she married, and early records showed that husband and wife often were known by different names.[7] In State ex rel. Krupa v. Green,[8] the Ohio appellate court confirmed the foregoing when it stated:
"It is only by custom, in English speaking countries, that a woman, upon marriage, adopts the surname of her husband in place of the surname of her father.
......
"In England, from which came our customs with respect to names, a woman is permitted to retain her maiden surname upon marriage if she so desires.
"M. Turner Samuel, in his book on `The Law of Married Women' at page 345, states:
`In England, custom has since ordained that a married woman takes her husband's name. This practice is not invariable; not compellable by law. . A wife may continue to use her maiden ... name... .'"[9]
An excellent treatise upon the fallacy of Chapman and its progeny is found in the Supreme Court of Wisconsin's opinion in Kruzel v. Podell,[10] wherein that court in a well reasoned opinion decided that a woman upon marriage adopts the surname of her husband by thereafter customarily using that name, but no law required that she do so.
The case of Forbush v. Wallace[11] is supportive of appellant's position. There, a three judge federal panel upheld an Alabama *229 administrative regulation requiring a married woman to obtain her driver's license in the surname of her husband. The decision in Forbush was squarely bottomed upon the court's observation that: "... Alabama has adopted the common law rule that upon marriage the wife by operation of law takes the husband's surname." (Emphasis supplied.) Such may well be the common law as construed by the Alabama courts, however, after reviewing the extensive authorities on the subject, we conclude that the common law of England on July 4, 1776, did not by operation of law engraft the husband's surname upon the wife. In Florida there is not statute or judicial decision requiring a woman to take her husband's surname upon marriage. Although it is the general custom for a woman to change her name upon marriage to that of the husband, the law does not compel her to do so.
The judgment appealed is affirmed.
McCORD, J., and SMITH, SAMUEL S., Associate Judge, concur.
NOTES
[1] Florida Statute 2.01.
[2] Carlton v. Phelan, 100 Fla. 1164, 131 So. 117 (1930).
[3] Chapman v. Phoenix National Bank, 85 N.Y. 437 (1881).
[4] As we view the opinion, a good example of: "Bad facts make bad law".
[5] People ex rel. Rago v. Lipsky, 327 Ill. App. 63, 63 N.E.2d 642 (1945).
[6] Freeman v. Hawkins, 77 Tex. 498, 14 S.W. 364 (1890).
[7] Dunn v. Palermo, 522 S.W.2d 679 (Tenn. 1975); Arnold, Personal Names, 15 Yale L.J. 227 (1905).
[8] State ex rel. Krupa v. Green, 114 Ohio App. 497, 177 N.E.2d 616 (1961).
[9] "Pay your money and take your choice." Appellant cites Bishop on Marriage and Divorce, Vol. 2, Sec. 704a (6th ed. 1881), which states: "Name.  The rule of law and custom is familiar, that marriage confers on the woman the husband's surname."
[10] Kruzel v. Podell, 67 Wis.2d 138, 226 N.W.2d 458 (1975); Stuart v. Board of Supervisors of Elections for Howard County, 266 Md. 440, 295 A.2d 223 (1972); and "The Right of a Married Woman to Use Her Birth-Given Surname for Voter Registration", 32 Maryland Law Rev. 409 (1973).
[11] Forbush v. Wallace, 341 F. Supp. 217 (M.D.Ala. 1971), aff'd 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246 (1972).