QUESTION: Is the Bureau of Vital Statistics empowered to require that birth certificates be issued only in the surname of the father as opposed to a hyphenated combination of the mother's maiden name and the father's surname?
SUMMARY: Pending legislative or judicial clarification, the Bureau of Vital Statistics is not empowered to require that birth certificates be issued only in the surname of the father as opposed to a hyphenated combination of the mother's maiden name and the father's surname. Section 382.18, F. S., provides as follows: Certificate of birth to show given name of child. — (1) When any certificate of birth of a living child is presented without the statement of the given name, then the local registrar shall make out and deliver to either parent of the child a special blank for supplemental report of the given name of the child which will be filled out as directed and returned to the local registrar as soon as the child shall have been named. (2) The mother of a child born out of wedlock should enter on the birth certificate the surname by which she desires the child to be known. The registrar, upon presentation of proof that said child has acquired another name through usage, court order, or otherwise, shall correct the original birth certificate as hereinafter provided for to show the name by which said child is known. Section 382.20, F. S., empowers the state registrar to make and enforce appropriate rules and regulations to carry out Ch. 382, F. S., and to prevent fraud and deception from being committed under the same. An examination of Ch. 382, F. S., fails to disclose any statute that requires a registrar to issue a birth certificate in the surname of the father. Similarly, I have been unable to find any rule promulgated pursuant to s. 382.20 which administratively purports to impose such a requirement. It is well settled that an administrative agency possesses only so much authority as is delegated to it by statute. Greenberg v. State Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed 300 So.2d 900
(Fla. 1974). If there is reasonable doubt as to the lawful existence of a particular power being exercised by an administrative agency, the further exercise of that power should be arrested. Edgerton v. Int'l Co., 89 So.2d 488 (Fla. 1956). Also see AGO 075-94. While the Legislature has specifically addressed the issues of requiring the "given name" of all living children to be recorded and permitting the mother of a child born out of wedlock to select the name under which she desires the child to be known, it has not addressed the issue of whether to permit married parents to select the surname of their children. Significantly, however, the only specific administrative limitation which has been imposed by the Legislature has been to permit the state registrar to administer Ch. 382, F. S., to prevent fraud and deception. A similar situation arose in Davis v. Roos,326 So.2d 226 (1 D.C.A. Fla., 1976), in which the court held a woman by custom and usage generally adopts her husband's name upon marriage, but no Florida law compelled her to do so. The same appears to be true regarding registration of birth. While customarily a child assumes the surname of its father, there is no statute or existing rule which requires the same. Accordingly, until legislatively or judicially clarified to the contrary, I do not believe that a registrar may require that parents use only the surname of the husband in registering the birth of their children. Nothing herein should be construed to prohibit in an appropriate case the registrar from refusing to accept a particular name in order to permit fraud or deceit.