804 So.2d 489 (2001)
Christopher SMITHERS, Appellant,
v.
Maria Pita SMITHERS and Pita Line, Inc., Appellees.
Nos. 4D99-3770, 4D99-3839, 4D00-786.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
Rehearing Denied January 18, 2002.
*490 Carol A. Kartagener of Weiss & Handler, P.A., Boca Raton, for appellant.
Neil B. Jagolinzer of Christiansen & Jacknin, West Palm Beach, for appellees.
WARNER, J.
This appeal and cross-appeal arise out of a final judgment annulling the parties' marriage on the grounds of bigamy. Christopher Smithers ("the husband") contends that the court erred by failing to order Maria Pita Smithers ("the wife") to reimburse temporary alimony and attorney's fees and cease using the husband's surname, and by failing to order a division of joint assets and liabilities. The wife claims there were genuine issues of material fact with respect to whether the marriage was bigamous, and that the court erred in denying her subsequent motion for relief from judgment based upon newly discovered evidence. We affirm on all issues.
The husband and the wife married for the first time on November 15, 1996. After that marriage was annulled, they married again on November 17, 1997. The parties separated on June 13, 1998, seven months after the second marriage, and the husband petitioned for dissolution of marriage shortly thereafter.
The wife counterpetitioned and moved for temporary alimony and attorney's fees, which the court granted. The wife moved to compel, and then for sanctions, because the husband failed to pay part of the award, but that was eventually resolved.
*491 The parties then engaged in substantial discovery, with the husband adopting a highly aggressive litigation strategy, generating substantial additional attorney's fees. The wife moved for additional fees, which were granted in the amount of $100,000. That order was appealed to this court, and we affirmed, expressing concern as to the substantial litigation costs generated in an action to dissolve a seven month marriage. See Smithers v. Smithers, 765 So.2d 117, 118 (Fla. 4th DCA 2000).
Eventually, the husband moved for summary judgment as to the validity of the marriage, arguing that the wife was still legally married in Peru at the time she entered into the current marriage. Based upon extensive affidavits, the court granted the motion, annulled the marriage, denied the husband's request to repay the temporary support and attorney's fees previously awarded, and denied another request to order the wife to cease using the husband's surname. The wife moved for relief from this judgment based upon newly discovered evidence, which motion was denied.
The husband first claims that because the marriage was bigamous, the court never had jurisdiction to award temporary support and attorney's fees and should order the wife to repay those amounts. However, a trial court has equitable jurisdiction to award temporary relief, even in cases of a bigamous marriage. See Burger v. Burger, 166 So.2d 433, 436 (Fla.1964). In Therry v. Therry, 117 Fla. 453, 158 So. 120, 121 (1934), pendente lite attorney's fees were awarded to the putative wife, even though she was legally married when she entered into the second marriage. Relying on Therry, the Burger court established the principle that "when the putative wife is the wrongdoer, or as here, when she is equally responsible with the putative husband in creating the situation, she is not entitled to permanent alimony or attorneys' fees other than those allowed pendente lite." 166 So.2d at 436 (emphasis added). Thus, a trial court may award temporary alimony and attorney's fees to a putative spouse, even when she is the wrongdoer. Such an award is within the sound discretion of the court, depending on the particular facts of each case. See id.
In the instant case, although the wife was still legally married at the time she entered into the current marriage, the trial court determined that the wife had litigated the entire matter in good faithshe did not know that the technical Peruvian divorce requirements had not been satisfied. Therefore, we find no abuse of discretion in denying the husband's request to order the repayment of the temporary alimony and attorney's fees awarded.
The husband also argues the trial court erred in failing to determine that the wife had no legal right to use the married surname "Smithers" because the marriage was void ab initio. The wife contends that the trial court had no authority to order her to change her name without her consent. We hold the trial court was correct in denying relief.
How does one acquire a name? We are each first given a name on a birth certificate. For many, that remains our name throughout our lives. However, others use aliases or for various reasons become known by other names. In In re Adoption of Long, 56 So.2d 450 (Fla.1952), the supreme court considered the validity of an adoption agreement signed by the birth mother with an assumed name. The court stated:
After all, a name is but the designation of a person, a means of identification, and there can be no doubt that Mary Alice Long was thoroughly identified *492 both as the mother of the child and the signatory of the consent agreement, and she was therefore bound. One may adopt a name different from his true one, and his contracts under the assumed name will be binding if unaffected by fraud.
Id. at 452 (citations omitted).
While there is a name change procedure set forth in section 68.07, Florida Statutes (1999), names are the subject of both common law and statutory law. In Isom v. Circuit Court of the Tenth Judicial Circuit, 437 So.2d 732, 733 (Fla. 2d DCA 1983), the court said:
At common law a person could adopt another name at will, absent a fraudulent, criminal, or wrongful purpose. The codification of this common law right was intended primarily to aid the individual's right to a name change at will, giving the advantage of a public record to document the change.
In keeping with the common law tradition, in Florida a person may adopt a name other than his or her own as long as no fraudulent or wrongful purposes are involved. However, adherence to the statutory requirements affords protection to both the applicant and the general public. Therefore, a petition under this statute should generally be granted unless sought for a wrongful or fraudulent purpose.
The acquisition of the husband's surname upon marriage is a common law tradition. As was noted in Davis v. Roos, 326 So.2d 226, 228 (Fla. 1st DCA 1976):
It is only by custom, in English speaking countries, that a woman, upon marriage, adopts the surname of her husband in place of the surname of her father.
. . . .
In England, from which came our customs with respect to names, a woman is permitted to retain her maiden surname upon marriage if she so desires.
. . . .
M. Turner Samuel, in his book on `The Law of Married Women' at page 345, states:
In England, custom has since ordained that a married woman takes her husband's name. This practice is not invariable; not compellable by law... A wife may continue to use her maiden ... name....
(quoting State ex rel Krupa v. Green, 114 Ohio App. 497, 177 N.E.2d 616 (1961)). However, as Davis held, there is no statute or judicial decision requiring a woman to take her husband's surname upon marriage. 326 So.2d at 229. Indeed, many women do not follow this custom in the present day.
Because the wife adopted her husband's name, that has become her name at common law. Although the marriage was bigamous, the trial court found that the wife was unaware that she had not been divorced. Therefore, we cannot assume a fraudulent purpose for taking the husband's surname. Once having done so, and having held herself out as "Maria Smithers," she eventually takes on that name by operation of the common law, irrespective of whether she petitioned for a name change pursuant to section 68.07. Thereafter, "no one may request a name change for another person without that person's express consent." Warfield v. Warfield, 661 So.2d 924, 926 (Fla. 4th DCA 1995) (holding trial court erred in restoring wife's maiden name in final judgment based upon husband's request in his petition for dissolution to which wife defaulted).
*493 We affirm as to all other issues on appeal and on cross-appeal.
GUNTHER and GROSS, JJ., concur.