PER CURIAM.
Appellant, Patterson & Maloney, a law firm representing Lorraine Gumberg in a dissolution of marriage proceeding against Andrew Gumberg, appeals a trial court judgment denying appellant attorney’s fees and costs for part of its representation. For the reasons set forth below, we reverse the ruling on entitlement and remand this case to the trial court to determine the proper amount of fees and costs to be awarded to appellant.
In February of 1998, the trial court entered a final judgment of marriage dissolution, partially resolving the issues between Mr. and Mrs. Gumberg, but leaving open the issue of equitable distribution and attorney’s fees and costs. Mrs. Gumberg discharged appellant soon after the judgment was entered. Appellant later instituted a suit against Mrs. Gumberg for the outstanding balance of fees and costs.
Over two years later, the case was set for trial on those issues that were not resolved by the final judgment. Although Mrs. Gumberg was involved in litigation with appellant over the fees for its previous representation, she nevertheless asked appellant to recommence its representation of her for the new trial.
Because of the existing conflict of interest, appellant and Mrs. Gumberg entered into a settlement agreement whereby the parties agreed that: 1) Mrs. Gumberg would stipulate to a judgment against her for the total attorney’s fees already due appellant; 2) appellant would agree not to record, execute or proceed with collection of such judgment; 8) appellant would represent Mrs. Gumberg in the upcoming litigation; 4) Mrs. Gumberg would advance to the firm $1500 to be utilized for costs incurred in representing her in the upcoming litigation; 5) Mrs. Gumberg would have no responsibility for any other court costs or suit monies incurred in the prosecution or defense of the upcoming litigation; and 6) Mrs. Gumberg would have no responsibility for any additional attorney’s fees to Patterson & Maloney.
The Gumbergs proceeded to trial on the issues of equitable distribution and attorney’s fees. As provided in the settlement agreement, Mrs. Gumberg was represented by appellant. At the end of the trial, the court found that, with regard to a portion of the issues litigated, Mrs. Gum-berg had a need for fees and Mr. Gumberg had the ability to pay those fees. Appellant moved to intervene in the case in order to collect its outstanding attorney’s fees. The trial court granted appellant’s motion.
At the fee hearing, Mr. Gumberg argued that, by virtue of the settlement agreement entered into between appellant and Mrs. Gumberg, appellant extinguished Mrs. Gumberg’s entitlement to fees. Mr. Gumberg claimed that appellant relieved Mrs. Gumberg of her responsibility for attorney’s fees and costs, thereby waiving any right to proceed against Mr. Gumberg for collection of such fees. The trial court agreed and held that under the language of the settlement agreement, Mrs. Gum-berg had no responsibility for attorney’s fees and costs.
We agree with appellant that the settlement agreement did not eliminate Mrs. Gumberg’s need for fees, but instead *405 limited appellant’s fees to only -those awarded by the court. In other words, appellant agreed that, notwithstanding the actual amount of attorney’s fees and costs owed, appellant would not hold Mrs. Gum-berg responsible for any fees or costs above those determined by the court. Section 61.16, Florida Statutes, states in pertinent part:
(1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter,- including enforcement and modification proceedings and appeals.
When determining entitlement to attorney’s fees and costs in a dissolution of marriage proceeding, in order “to ensure that both parties have similar access to* competent legal counsel, the trial court must look to each spouse’s need for suit money versus each spouse’s respective ability to pay.” Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997); Krafchuk v. Krafchuk, 804 So.2d 376 (Fla. 4th DCA 2001). Generally, we will not overturn a trial court’s determination of attorney’s fees in a dissolution proceeding absent abuse of discretion. See Smithers v. Smithers, 804 So.2d 489, 491 (Fla. 4th DCA 2001). However, we review the trial court’s interpretation of the settlement agreement de novo. See Ocwen Fed. Bank FSB v. LVWD, Ltd., 766 So.2d 248, 249 (Fla. 4th DCA 2000).
The settlement agreement states that Mrs. Gumberg was to “have no responsibility for any additional fees” to appellant for representing her in the new litigation. We interpret this language to mean that Mrs. Gumberg would not be responsible for any fees incurred above that which the trial court would ultimately award. Had appellant’s intention been to relieve Mrs. Gumberg of any liability for fees,.-then it would not have deliberately included the word “additional” in the- agreement. - Furthermore, the language of the settlement agreement demonstrates that appellant did in fact envision a future fee award by providing a procedure for Mrs. Gumberg to transfer the award directly to appellant.
Because the language of the settlement agreement did not reheve Mrs. Gumberg of her need for attorney’s fees, the trial court’s ruling that there was, no entitlement to such fees was error. We therefore reverse and remand this case to the trial court for a hearing on reasonable and necessary attorney’s fees and costs.
■REVERSED and REMANDED.
WARNER, FARMER and TAYLOR, JJ., concur.