937 So.2d 745 (2006)
Juan E. "J.P." PLANAS, Candidate for Florida House, District 115 Seat, Appellant,
v.
Juan Carlos "J.C." PLANAS and Lester Sola, Supervisor of Elections Miami-Dade County, Florida, and Sue M. Cobb, Florida Secretary of State, Appellees.
No. 3D06-2067.
District Court of Appeal of Florida, Third District.
September 1, 2006.
Diaz Reus Rolff & Targ and Robert T. Rigal, Miami, for appellant.
Meyer and Brooks and Jennifer S. Blohm; Murray A. Greenberg, Miami, and Oren Rosenthal, for appellees.
Before FLETCHER and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
The judgment below disqualifying appellant as a candidate for state representative is affirmed, although on a different ground than the one stated by the trial court, see Carraway v. Armour & Co., 156 So.2d 494 (Fla.1963) (applying "tipsy coachman" *746 rule), which relied on the argument rejected in Schurr v. Sanchez-Gronlier, ___ So.2d ___, 2006 WL 2521401 (Fla. 3d DCA Case no. 3D06-2125, opinion filed, September 1, 2006).
We hold that, as a matter of law, by designating a name, "J.P." Planas, which "ha[d] not been adopted by him . . . and under which [he] ha[d] not transacted private and official business," Division of Elections Opinion 86-06 (May 1, 1986)(citing C.J.S. Elections § 161 (now 29 C.J.S. Elections § 273 (2005))), the appellant did not "act[] in [the] good faith and . . . honest purpose," 26 Am.Jur.2d Elections § 293, at 109 (2004), required of all candidates. Allowing him potentially to succeed through a stratagem clearly intended to deceive and confuse voters with the incumbent, long and widely known as "J.C." Planas, simply cannot be permitted. See In re Protest of Election Returns, 707 So.2d 1170, 1173 (Fla. 3d DCA 1998) ("Courts cannot ignore fraudulent conduct which is purposefully done to foul the election or corrupt the ballot." (quoting Bolden v. Potter, 452 So.2d 564, 567 (Fla.1984))), review denied, 725 So.2d 1108 (Fla.1998); see also Kobrin v. Leahy, 528 So.2d 392 (Fla. 3d DCA 1988), review denied, 523 So.2d 577 (Fla.1988).
Affirmed.[*]
NOTES
[*] This decision shall take effect and the mandate shall issue immediately without regard to any motion for rehearing.