PER CURIAM.
Mary Rudd Robinson, a candidate for judicial office, moved for an emergency permanent injunction to prevent the name of her opponent, “Jordan Howard Bres-law,” from being printed on the primary ballot for the office of County Court Judge in a Broward County election. The trial judge granted the motion and entered an injunction after conducting an evidentiary hearing. We reverse and remand.
The issue is whether the name “Jordan Howard Breslaw” should be placed on the ballot. Appellant was born “Jordan Howard Breslaw.”' However, he legally changed his name in 1991 to “Jordan Howard Jordan.” The circuit court found that the overwhelming evidence established that “Jordan Howard Jordan” has conducted his personal and business life under his new name since 1991, including a previous, unsuccessful run for judicial office. Although appellant presented some evidence that he used the name Breslaw after 1991, the court found these instances to be inconsequential. The trial court concluded that appellant’s use of the name “Breslaw” was a “thinly veiled attempt to deceive and confuse the voters of Broward County,” in the sense that appellant was using his original name to appeal to a distinct voting group in the county. The circuit court’s findings of fact are supported by competent, substantial evidence.
Nonetheless, we hold as a matter of law, that appellant’s conduct does not violate any provision of the election code.
We evaluated the concept of a candidate’s name in Levey v. Dijols, 990 So.2d 688 (Fla. 4th DCA 2008). Proeedurally, Levey differed from this ease in that it was a post-primary challenge. However, in considering a candidate’s “name” for purposes of whether “Mardi Anne Levey” was properly “qualified” to run in the election we noted:
*418 Section 105.0Sl(4)(b), [Florida Statutes (2007),] instructs the candidate to ‘please print name as you wish it to appear on the ballot.’ The term ‘name’ is not defined within the statute or in any other Florida statute pertaining to elections. Significantly, the oath does not require candidates to print any particular name, not the name as it appears on their drivers license, voter’s registration, nor Florida Bar license.
Levey, 990 So.2d at 692-93. We recognized that section 105.031(4)(b) contemplated that a candidate might properly use more than one form of a name on a ballot. The statute imposes no requirement or preference for any form of name. Levey observed that in the context of section 105.031, the term “name” “connotes any legal form of name the person is entitled to use and have printed on the ballot.” 990 So.2d at 693. Levey held that a woman’s maiden name, the name that appeared on her birth certificate, was a “form of the name” that she was “entitled to use and have printed on the ballot.” Id. This court recognized that in Florida, a woman does not lose her birth-given name , upon marriage. Id. (citing Davis v. Roos, 326 So.2d 226 (Fla. 1st DCA 1976)).
For the purpose of section 105.031(4)(b), appellant’s decision to place his birth name on the ballot is akin to Mardi Anne Levey’s use of her maiden name on the ballot in Levey. Appellant’s use of the statutory name change procedure contained in section 68.07, Florida Statutes (2009), does not alter his ability to use his birth name on the ballot. At common law, “a person could adopt another name at will, absent a fraudulent, criminal, or wrongful purpose.” Isom v. Circuit Court of the Tenth Judicial Circuit, 437 So.2d 732, 733 (Fla. 2d DCA 1983). Section 68.07 is a “codification of this common law right ... intended primarily to aid the individual’s right to a name change at will, giving the advantage of a public record to document the change.” Id.; see Smithers v. Smithers, 804 So.2d 489 (Fla. 4th DCA 2001) (recognizing that absent a fraudulent purpose, a court may not order a person to change her name without her consent). Pursuant to section 68.07, a final judgment reflecting the name change is sent to the Office of Vital Statistics, the Department of Law Enforcement, and the Department of Highway Safety and Motor Vehicles. However, nothing in section 68.07 bars a person who obtains a name change from using his or her original name for some purposes. Although the legislature might have imposed limitations on a candidate’s choice' of name to appear on the ballot, it has not done so.
Appellant’s desire to use his birth name to appeal to an ethnic segment of the voters is not the type of fraudulent, criminal, or wrongful purpose that would invalidate his choice. For better or worse, for over 150 years, American candidates have used their names to appeal to ethnic voting blocks in elections. Democracy optimistically assumes that a voter will make an informed choice on the ballot.
Despite the trial court’s finding that appellant engaged in a “thinly veiled attempt to deceive and confuse the voters of Bro-ward County,” this case does not involve the type of deception that the third district found required disqualification of the candidate in Planas v. Planas, 937 So.2d 745 (Fla. 3d DCA 2006). There, a candidate adopted a nickname he had never before used in an attempt to deceive the voters into believing he was the widely known incumbent office holder. Id. at 746. The third district affirmed a judgment disqualifying the candidate, finding a “stratagem clearly intended to deceive and confuse voters,” a type of fraudulent conduct that invalidated the candidate’s choice of name. *419 Id. In contrast, appellant chose his birth name for the ballot, a name he had obviously used at one time. Appellant was known as “Breslaw” to certain of his friends, family, and others who knew him prior to his statutory name change. It is the name he was born with and which he used in public and private life for decades. Unlike the candidate in Planas, appellant made no attempt to confuse the voters into thinking that he was someone else.
The permanent injunction is reversed.[1]
GROSS, C. J., MAY and DAMOORGIAN, JJ., concur.

. This decision shall take effect and the mandate shall issue immediately without regard to any motion for rehearing.