DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MELISSA MINSK DONOHO,** as candidate for the Broward County Judge
Circuit Group 38,
Appellant,

v.

**JASON ALLEN-ROSNER,** whose legal name is **JASON ALLEN
ROSNER,** as candidate for Broward County Judge Circuit Group
38, and **DR. BRENDA C. SNIPES,** in her official
Capacity as Supervisor of Elections for
Broward County, Florida,
Appellees.

No. 4D18-1814

[August 24, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case
No. 2018-010919.

Melissa Minsk Donoho, Fort Lauderdale, pro se.

Juan-Carlos "J.C." Planas of KYMP LLP, Miami, for appellee Jason
Allen-Rosner.

Burnadette Norris-Weeks of Burnadette Norris-Weeks, PA, Fort
Lauderdale, for appellee Dr. Brenda C. Snipes.

FORST, J.

Appellant Melissa Donoho, a candidate for circuit court judge in the
Seventeenth Judicial Circuit, appeals an order denying her emergency
complaint for temporary injunctive relief. She sought to prevent an
opponent, Appellee Jason Allen Rosner, from appearing on the primary
ballot as "Jason Allen-Rosner." She claims Appellee began hyphenating
his middle and last name to take advantage of alphabetical placement on
the ballot. The trial court concluded that Appellee is not precluded from
using the hyphenated form of his name on the ballot. We agree with the
trial court that the elements for a temporary injunction were not met.
Thus, we affirm.

## Background

The parties are two of the candidates for seventeenth circuit (Broward County) judge in Group 38. The dispute at issue concerns Appellee's choice of name to be placed on the August 28, 2018 ballot. In several filings with the Florida Department of State ("the Department") in January 2018, Appellee listed his name as "Jason Allen Rosner." In subsequent filings with the Department, his name was noted as "Jason Allen-Rosner."

Appellant filed a complaint for temporary injunctive relief in May 2018, requesting that Appellee be enjoined from appearing on the August ballot as "Jason Allen-Rosner." Appellant alleged that Appellee is known professionally and personally as "Jason Rosner" or "Jason A. Rosner." For example, Appellee's name is not hyphenated on his marriage license or voter registration. In addition, at the time he filed with the Department, his name was not hyphenated on the Florida Bar's website. Appellee was identified on three previous ballots as a candidate for judicial office as "Jason A. Rosner" or "Jason Allen Rosner." Appellant's complaint alleges that she "will suffer irreparable harm in the absence of injunctive relief and has no other adequate remedy at law." If Appellee was listed as "Jason A. Rosner" on the ballot, Appellant would have the first slot on the four-candidate listing, with Appellee listed fourth.

The trial court entered a detailed order finding that the elements for a temporary injunction—particularly a substantial likelihood of success and irreparable harm—were not shown.

## Analysis

"The standard of review of trial court orders on requests for temporary injunctions is a hybrid. To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." *Fla. High Sch. Athletic Ass'n v. Rosenberg ex rel. Rosenberg*, 117 So. 3d 825, 826 (Fla. 4th DCA 2013) (quoting *Foreclosure FreeSearch, Inc. v. Sullivan*, 12 So. 3d 771, 774 (Fla. 4th DCA 2009)).

To obtain a temporary injunction, the petitioner "must establish that (1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest." *Univ. Med. Clinics, Inc. v. Quality*

*Health Plans, Inc.*, 51 So. 3d 1191, 1195 (Fla. 4th DCA 2011) (citing *Foreclosure FreeSearch, Inc.,* 12 So. 3d at 775).

### A. Appellant failed to establish irreparable harm

As indicated in her complaint and elaborated at the hearing, Appellant does not seek to have Appellee disqualified from the election, but instead requests relief in the form of ballot placement. Without injunctive relief, the ballot lists Appellee first and Appellant second, followed by two additional candidates. The relief requested is a ballot listing Appellant first and Appellee last.

"Irreparable injury will never be found where the injury complained of is 'doubtful, eventual or contingent.'" *Jacksonville Elec. Auth. v. Beemik Builders & Constructors, Inc.*, 487 So. 2d 372, 373 (Fla. 1st DCA 1986) (quoting *First Nat'l Bank in St. Petersburg v. Ferris,* 156 So. 2d 421, 424 (Fla. 2d DCA 1963)). Appellant's argument is premised on the speculative belief that the first name listed on the ballot receives an advantage. The trial court found that any harm to Appellant is speculative. We agree, as we cannot say that "irreparable harm will result if the temporary injunction is not entered."

### B. Appellant failed to establish no adequate remedy at law

Appellant's brief fails to address this prong of the four-prong test. Below, Appellant argued that no adequate remedy at law exists because there is no reasonable manner to undo a judicial election premised on a fraudulent and illegal ballot presented to voters.

In any event, as the trial court found below, this "element" is not "dispositive" as Appellant has failed to meet the other prongs of the test.

### C. Appellant failed to establish a substantial likelihood of success on the merits

Appellant frames the issue on appeal as "May a candidate for judicial office appear on the ballot under a fictitious surname created solely for the purposes of confusing voters and altering his position on the ballot?" The answer to this question may be "no"; however, the trial court properly found that the addition of a hyphen did not create an invalid surname under the applicable State election laws and, most crucially, that neither factual nor legal support exists for the argument that Appellee used the name "Jason Allen-Rosner" rather than "Jason Allen Rosner" in an attempt to deceive or confuse voters.

We agree with the trial court that "the issue of whether the candidate oath allows for hyphenation" presents a case of first impression. However, several district court opinions guide us as to what is and what is not acceptable with respect to how a candidate is identified on an election ballot.

In *Levey v. Dijols*, 990 So. 2d 688 (Fla. 4th DCA 2008), this Court dealt with the issue of a judicial candidate who had used her maiden name on the ballot. We discussed the definition of "name" in the context of the statute:

> Section 105.031(4)(b) instructs the candidate to "please print name as you wish it to appear on the ballot." The term "name" is not defined within the statute or in any other Florida statute pertaining to elections. Significantly, the oath does not require candidates to print any particular name, not the name as it appears on their driver's license, voter's registration, nor Florida Bar license.
>
> Black's Law Dictionary defines a "name" as: "A word or phrase identifying or designating a person or thing and distinguishing that person or thing from others." Black's Law Dictionary 1048 (8th ed. 2004). Merriam–Webster's Online Dictionary defines a "name" similarly: "a word or phrase that constitutes the distinctive designation of a person or thing."
>
> In the context of this statute, the term "name" connotes any legal form of name the person is entitled to use and have printed on the ballot.

*Levey*, 990 So. 2d at 692-93.

In *Levey*, the candidate's legal name was "Mardi Levey Cohen," and she chose to appear on the ballot under her maiden name of "Mardi Anne Levey." We found that this did not run afoul of the statute, which does not require a candidate to use a specific name, and noted that the trial court found no "evil purpose" to the choice of name and "no fraud or misconduct." *Id.* at 693; *see Jordan v. Robinson*, 39 So. 3d 416, 418 (Fla. 4th DCA 2010) (reversing an injunction that prevented a judicial candidate from using his birth name on the ballot; agreeing with the trial court that the candidate's desire to use his birth name appeared to be aimed at appealing to an ethnic segment of the electorate in a "thinly veiled attempt to deceive and confuse the voters of Broward County," but that the

4

candidate lacked a fraudulent intent to deceive voters).

Here, "Jason Allen-Rosner" is a form of Appellee's name. The *Levey* and *Jordan* opinions reflect that a candidate is free to choose how his or her name will appear on the ballot, absent an "evil purpose to [the] choice of name" or an "attempt to confuse the voters into thinking that he [or she is] someone else." *See Levey*, 990 So. 2d at 693; *Jordan*, 39 So. 3d at 419.

In both *Levey* and *Jordan*, we looked to an earlier decision from the Third District, *Planas v. Planas*, 937 So. 2d 745 (Fla. 3d DCA 2006). There, the court addressed a situation in which candidate Juan E. Planas designated the name "J.P. Planas" to be listed on the ballot as a candidate for a state representative position, challenging the incumbent J.C. Planas. The court held that,

> [B]y designating a name . . . which had not been adopted by him and under which he had not transacted private and official business, the appellant did not act in the good faith and honest purpose required of all candidates . . . [a]llowing him to succeed through a stratagem clearly intended to deceive and confuse voters with the incumbent long and widely known as "J.C." Planas, simply cannot be permitted.

*Planas*, 937 So. 2d at 746 (alterations, citations and quotations omitted).

In the instant case, the trial court found that Appellee "has used his hyphenated name in his public and private life for over a year." The trial court noted that the use was "selective" and that the "decision to employ a hyphenated name could be seen as a way to give [Appellee] a competitive advantage in the election." Ultimately, however, the trial court concluded that Appellee's use of the hyphenated name did not make his name "unrecognizable" or "create the type of confusion as seen in *Planas*." We agree and determine that Appellant has failed to establish a likelihood of success on the merits, let alone a substantial likelihood.

### D. Appellant failed to establish entry of the temporary injunction will serve the public interest

As detailed in *Levey*, a candidate for elective office has a great deal of latitude in choosing how to be listed on the ballot—the candidate need not use his/her "legal name" or the name that the candidate generally uses for identification. Here, Jason Allen Rosner merely placed a hyphen between his middle and last name. There is no evidence or argument that he did so in an effort to have voters believe that he was "Jason Allen" rather than

5

"Jason Rosner."

The fact that Appellee chose to be listed as "Allen-Rosner" rather than "Rosner" and the fact that Appellant has taken legal action to enjoin Appellee's ballot placement appears to contradict Appellant's argument that "[a] judicial election ballot is not a scramble to create a name to be listed first like a Yellow Pages listing – 'aa aardvark locksmith.'" Clearly, both parties to this action believe that the first name listed on the ballot receives a boost in votes.

As Appellee abided by the rules in designating the name for placement on the ballot and did not employ "a stratagem clearly intended to deceive and confuse voters," we cannot conclude that entry of an injunction will serve the public interest. To the extent that our election laws provide candidates great latitude in how they will be listed on the ballot, and to the extent that an electoral benefit is conferred on the candidate listed first, the remedy lies not with the courts.

## Conclusion

Appellant has failed to establish the elements for a temporary injunction, and the trial court's legal analysis is in accord with the pertinent statute and case law. Accordingly, the trial court's denial of Appellant's complaint for temporary injunctive relief is affirmed.

*Affirmed.*

TAYLOR and KUNTZ, JJ., concur

\*     \*     \*

***FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.***