# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3600

_____

RYAN C. TORRENS,

 Appellant,

 v.

SEAN SHAW, KEN DETZNER, in
his official capacity as the
Secretary of State; DEPARTMENT
OF STATE, DIVISION OF
ELECTIONS,

 Appellees.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

November 13, 2018

PER CURIAM.

Appellant, Ryan Torrens, seeks review of a final judgment granting declaratory and injunctive relief, which disqualified him as a candidate for the Democratic nomination for Attorney General. We previously stayed the final judgment, and we now reverse.[1]

---

[1] Torrens did not ultimately prevail in the August 28, 2018, primary election. We find the issue not to be moot because of

On June 21, 2018, Ryan Torrens submitted the items listed in section 99.061(7), Florida Statutes (2017), and qualified as a candidate for the Democratic nomination for Attorney General. One of the items he submitted was a check from the Ryan Torrens for Attorney General Campaign Account in the amount of $7,738.32.

In July, his opponent for the nomination, Sean Shaw, filed a complaint for declaratory and injunctive relief against Torrens. The complaint alleged that on June 18, prior to submitting his qualifying check, Torrens' campaign accepted a contribution of $4,000 from Francesca Yabraian, Torrens' wife, which the complaint alleged to be a *prima facie* violation of section 106.08(1)(a)1., Florida Statutes (2017). The complaint alleged that prior to receipt of the contribution, the Torrens campaign account did not hold enough funds to cover the qualifying fee, and Torrens would not have qualified as a candidate but for the illegal contribution. It further alleged that Torrens acted in bad faith and attempted to qualify as a candidate through fraudulent conduct expressly designed to corrupt the ballot. Torrens moved to dismiss the complaint for failure to state a cause of action, but the circuit court deferred ruling on the motion until trial.

On August 24, after a non-jury trial, the circuit court entered a final judgment granting declaratory and injunctive relief. The circuit court found that Torrens intentionally acted contrary to the campaign finance and qualifying laws.

Specifically, the circuit court found that Torrens knowingly possessed the unlawful funds for more than a month. But for the $4,000 remaining in the account from June 18 and beyond, the qualifying check would not have cleared and Torrens would not have qualified for the ballot. Noting that it had to determine whether Torrens properly met the qualifying criteria in section 99.061, Florida Statutes (2017), the court concluded that Torrens "acted improperly" in filling out the check and compounded his

potential incidental consequences that may arise out of the trial court's decision in this case.

2

disregard for the law by not immediately refunding the excess amount.[2]

The circuit court's order does not contain any authority supporting its ruling that Torrens failed to properly qualify as a candidate other than its non-specific reference to section 99.061. Section 99.061(7), relating to qualifying, provides:

> (a) In order for a candidate to be qualified, the following items must be received by the filing officer by the end of the qualifying period:

> 1. A properly executed check drawn upon the candidate's campaign account payable to the person or entity as prescribed by the filing officer in an amount not less than the fee required by s. 99.092, unless the candidate obtained the required number of signatures on petitions pursuant to s. 99.095. The filing fee for a special district candidate is not required to be drawn upon the candidate's campaign account. If a candidate's check is returned by the bank for any reason, the filing officer shall immediately notify the candidate and the candidate shall have until the end of qualifying to pay the fee with a cashier's check purchased from funds of the campaign account. Failure to pay the fee as provided in this subparagraph shall disqualify the candidate.

> 2. The candidate's oath required by s. 99.021, which must contain the name of the candidate as it is to appear on the ballot; the office sought, including the district or group number if applicable; and the signature of the candidate, which must be verified under oath or affirmation pursuant to s. 92.525(1)(a).

---

[2] The order also deferred ruling on Shaw's motion to dismiss Torrens' amended counterclaim for libel. This counterclaim remained pending when the appeal was filed but has since been voluntarily dismissed.

3

3. If the office sought is partisan, the written statement of political party affiliation required by s. 99.021(1)(b).

4. The completed form for the appointment of campaign treasurer and designation of campaign depository, as required by s. 106.021.

5. The full and public disclosure or statement of financial interests required by subsection (5). A public officer who has filed the full and public disclosure or statement of financial interests with the Commission on Ethics or the supervisor of elections prior to qualifying for office may file a copy of that disclosure at the time of qualifying.

Shaw did not allege that Torrens failed to file any of the items listed above, nor did the trial court assert what particular section of the statute Torrens failed to follow. This case is distinguishable from *Boatman v. Hardee*, 43 Fla. L. Weekly D1956 (Fla. 1st DCA Aug. 23, 2018), where we recently upheld a declaratory judgment finding that a candidate for School Board of Madison County did not properly qualify as a candidate for election because he paid his qualifying fee using a cashier's check instead of the "check drawn upon the candidate's campaign account" as required by section 105.031(5)(a)1., Florida Statutes (2017). Here, there is no dispute that Torrens tendered "[a] properly executed check drawn upon the candidate's campaign account."

Rather, Shaw challenged the source of the funds in Torrens' campaign account, alleging that Torrens violated section 106.08. The remedies related to violating section 106.08 are very specific and limit when a violation may result in removal from the ballot. Section 106.19(1), Florida Statutes (2017), states it is a first-degree misdemeanor to knowingly and willfully accept a contribution in excess of the limits in section 106.08. The name of a candidate "shall not be printed on the ballot for an election if the candidate is *convicted* of violating s. 106.19." § 106.18(1), Fla. Stat. (2017) (emphasis added). However, "[e]xcept as otherwise expressly stated, the failure by a candidate to comply with the

4

requirements of [chapter 106] has no effect upon whether the candidate has qualified for the office the candidate is seeking." § 106.19(4), Fla. Stat. (2017). Thus a private citizen's allegation of a violation of chapter 106 has no bearing on whether a candidate has properly qualified for office under section 99.061(7).

Our sister courts have also recognized that chapter 106 does not create a private right of action. For example, in *Schurr v. Sanchez-Gronlier*, 937 So. 2d 1166, 1170 (Fla. 3d DCA 2006), the Third District found a candidate for circuit judge was in violation of section 106.021 for accepting a campaign contribution prior to appointing a treasurer and designating a primary campaign depository but found the candidate's removal from the ballot was not warranted. *Schurr* recognized that in *Goff v. Ehrlich*, 776 So. 2d 1011 (Fla. 5th DCA 2001), the Fifth District held that section 106.021 does not provide for a private right of action. *Schurr* further noted that enforcement of chapter 106 was "within the purview of the Florida Elections Commission." *Schurr,* 937 So. 2d at 1170. *See also Cullen v. Cheal*, 586 So. 2d 1228 (Fla. 3d DCA 1991) (upholding order dismissing Cullen's complaint to enjoin the issuance of a certificate of election to successful candidate for County Commissioner, finding that private citizens did not have the power to enforce chapter 106). Accordingly, the circuit court erred in declaring that Torrens failed to properly qualify.

Accordingly, we reverse the final judgment on appeal. Given our disposition of Torrens' first argument on appeal, we do not find it necessary to address his remaining arguments.

WOLF, KELSEY, and JAY, JJ., concur.

───────────────────────

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

───────────────────────

Jared James McCabe of The McCabe Law Firm, Tampa; Dineen Pashoukos Wasylik, DPW Legal, Tampa, for Appellant.

Andrew J. Baumann, Robert P. Diffenderfer of Lewis Longman & Walker, P.A., West Palm Beach, and Natalie A. Kato of Lewis Longman & Walker, P.A., Tallahassee, for Appellees.